Jane Bartlett PHILLIPS, as Executrix of the Estate of Peter Richard Phillips, Deceased, et al., Plaintiffs-Appellants,

v.

UNIJAX, INC., Defendant-Appellee.

No. 79–2004.

United States Court of Appeals, Fifth Circuit.

Aug. 28, 1980.

Cunningham, Bounds, Byrd, Yance & Crowder, James A. Yance, D. Richard Bounds, Mobile, Ala., for plaintiffs-appellants.

James J. Duffy, Jr., E. L. McCafferty, III, Carroll H. Sullivan, Mobile, Ala., for defendant-appellee.

Cooper C. Thurber, Mack B. Binion, Mobile, Ala., for other interested parties.

Before HILL, RUBIN and ANDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Peter Richard Phillips died of injuries sustained in an automobile accident. His survivors sued both the driver [Carner] and the driver's employer, appellee Unijax, Inc., for wrongful death. The action originated in Alabama Circuit Court. Plaintiffs' complaint, as amended, identically charged each defendant with "negligently" and "wantonly" injuring the deceased. Some three years into the litigation, plaintiffs successfully moved that separate trials be had against the two defendants. Ala.R.Civ.P. 42(b). Unijax then sought to remove the case to the United States District Court.

As grounds for removal, Unijax asserted that the state court's order granting separate trials created "separate and independent . . . cause[s] of action," 28 U.S.C.A. § 1441(c) (West 1973), of which complete diversity existed between plaintiffs and Unijax. *See* 28 U.S.C.A. § 1332(a) (West 1966). The district court apparently agreed, noting that the cause was properly removed "after severance [sic] of the claims against the two defendants." *Phillips v. Unijax, Inc.,* 462 F.Supp. 942, 943 (S.D.Ala. 1978). The court then entered summary judgment for Unijax, holding in substance that plaintiffs' acceptance of workmen's compensation benefits estopped them, under Alabama law, from suing in tort. *Id.* at 946. Because the district court plainly lacked subject matter jurisdiction, we now reverse.

This lawsuit arose out of a single automobile accident. Carner and Unijax were charged with identical tortious acts, their alleged liability differing only in that Unijax's was vicarious.[1] It would be difficult to imagine a case further without 28 U.S.C.A. § 1441(c) (West 1973), which allows removal only of "separate and independent claim[s] or cause[s] of action, which would be removable if sued upon alone, [but are] joined with one or more otherwise nonremovable claims or causes of action." Here, as in *American Fire & Casualty Co. v.*

---

1. Unijax contends that plaintiffs' action against Carner arises under a different statute, *viz.,* Ala.Code § 25-5-11(a) (1977), than does their action against it. Ala.Code § 6-5-410 (1977). Assuming its relevance, this contention is wrong. *See Alabama Power Co. v. White,* 377 So.2d 930, 933 (Ala.1979); *Nicholson v. Lockwood Greene Engineers, Inc.,* 278 Ala. 497, 179 So.2d 76, 78 (1965).

*Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), "[t]he facts in each portion of the complaint involve [Carner], the damage comes from a single incident. The allegations in which [Carner] is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against [Unijax] . . . ." *Id.* at 16, 71 S.Ct. at 541. *See Paxton v. Weaver*, 553 F.2d 936, 938–40 (5th Cir. 1977). It follows that § 1441(c) did not authorize removal of this case.

■ On appeal, Unijax urges that plaintiffs' claims against it were also removable under 28 U.S.C.A. § 1441(a) (West 1973). Unijax's theory is that plaintiffs' motion for separate trials resulted in two independent lawsuits, of which Unijax's was removable under the rule of *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967). *Weems* reaffirmed the so-called "voluntary-involuntary rule," *see American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915), under which cases, not originally removable, may become so by the voluntary (but not the involuntary) dismissal of those defendants whose presence precluded removal. *Weems*, 380 F.2d at 547–49. *See also Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir. 1978). Although, in this case, the nondiverse Carner obviously was not "dismissed," Ala.R. Civ.P. 41(a), Unijax argues that the order granting separate trials effected the practical equivalent result, *i. e.*, an independent lawsuit between completely diverse parties.

If the state trial court had severed plaintiffs' claims, Ala.R.Civ.P. 21, thereby creating two separate lawsuits, Unijax's argument might have merit. But that is not what happened. The state court ordered separate trials, Ala.R.Civ.P. 42(b), which is not the same thing. Under Alabama law, the distinction exists and is significant.

. . .

. . . Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of 'separate trial' and 'severance' interchangeably.

*Key v. Robert M. Duke Insurance Agency*, 340 So.2d 781, 783 (Ala.1976), quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2387 (1971). *See Seybold v. Magnolia Land Co.*, 372 So.2d 865 (Ala. 1979); *Walker County Petroleum Council, Inc. v. Walker County*, 368 So.2d 862 (Ala. 1979); *Robinson v. Computer Servicenters, Inc.*, 360 So.2d 299 (Ala.1978). Here, plaintiffs' claims against Carner were removed to the district court along with those against Unijax.[2] Carner actively participated in discovery and made pretrial motions. The district court assigned a single case number. The record, in short, reflects the lack of substance, as well as the lack of form, behind Unijax's supposedly independent lawsuit. The state court order granting separate trials did not ameliorate the lack of diversity.

Unijax finally argues that plaintiffs' joinder of Carner was "fraudulent," for diversity purposes, because they had no "arguably reasonable basis" for recovery against him. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (per curiam). Unijax overstates the weakness of plaintiffs' case. Unijax contends, and the district court apparently held, that plaintiffs' acceptance of workmen's compensation benefits, without more, "estops" them from denying that the deceased's injuries occurred in the course of employment.[3] This per se approach, of course, completely "ignores the constituent elements of estoppel," *Ivey v. Dixon Investment Co.*, 283 Ala. 590, 219 So.2d 639, 643 (1969), besides being, at best, an extension of Alabama law. *Cf. National Cast Iron Pipe Co. v. Higginbotham*, 216 Ala. 129, 112 So. 734 (1927) (although plaintiff had ac-

---

**2.** The district court ultimately remanded the claims against Carner, apparently pursuant to 28 U.S.C.A. § 1441(c) (West 1973).

**3.** If Phillips died in the course of his employment, suit against Carner would apparently be impossible. *See Slagle v. Parker*, 370 So.2d 947 (Ala.1979).

cepted workmen's compensation benefits, court considered merits of claim that plaintiff was not covered by compensation act and thus entitled to sue in tort). Carner's joinder was in no way "fraudulent."

The cause is REVERSED with directions that it be REMANDED to the appropriate Alabama Circuit Court.