**Abb CALDWELL, Jr., Administrator of the Estate of Keith Caldwell, Deceased, Plaintiff,**

**v.**

**ALFA INSURANCE CORPORATION, Defendant.**

**Civ. A. No. W92–0033(B)(C).**

United States District Court, S.D. Mississippi, W.D.

Nov. 18, 1992.

Paul Snow, Jackson, Miss., for plaintiff.

Chris J. Walker and Al Nuzzo, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court pursuant to Rule 72 of the Federal Rules of Civil Procedure upon Plaintiff Abb Caldwell's Application for Review of Magistrate Order. The Court, having considered the motion, response, and supporting memoranda of authorities, finds that the order of the United States magistrate judge was clearly erroneous and contrary to law. Accordingly, Plaintiff's motion is well taken and this action shall be remanded to the Circuit Court of Claiborne County, Mississippi.

### I. Background

This action arose as a result of an automobile accident in Claiborne County, Mississippi that occurred on October 20, 1990, between a vehicle driven by J.D. Williams, a Mississippi resident, and a vehicle driven by Angela Gowdy, also a Mississippi resident. Keith Caldwell, a passenger in the vehicle driven by Gowdy, was killed in the accident. On April 1, 1991, Plaintiff, administrator of the estate of the decedent, filed a civil action in the Circuit Court of Claiborne County, Mississippi, against Williams alleging a wrongful death claim and against Alfa Insurance Corporation ("Alfa"), a non-resident corporation and Plaintiff's insurer, alleging an underinsured motorist coverage claim. At the time of the accident, the decedent was a family member and household resident of Plaintiff.

On March 5, 1992, the presiding state court judge entered an order stating that the claims against Williams and Alfa were to be "severed for trial purposes." On March 30, 1992, Alfa filed Notice of Removal removing the underinsured motorist coverage claim from the Circuit Court of Claiborne County, Mississippi, to this Court. On or about August 20, 1992, Plaintiff filed a Motion to Remand alleging that this Court lacks subject matter jurisdiction because the claim against Alfa does not satisfy the requirements of the federal removal statute, 28 U.S.C. § 1441. On September 3, 1992, a hearing on Plaintiff's Motion to Remand was held before the United States magistrate judge, and on September 8, 1992, an order was entered denying Plaintiff's motion. On September 10, 1992, Plaintiff filed this motion for review of the magistrate judge's ruling.

### II. Analysis

Rule 42(b) of the Mississippi Rules of Civil Procedure[1] provides that a state court judge, in furtherance of convenience or to avoid prejudice, may order a separate trial of any claim before the court. Rule 21 of the Mississippi Rules of Civil Procedure[2] provides that any claim against a party may be severed and proceeded with separately, thus creating entirely independent actions to be tried, and judgment entered thereon, independently. The basis of Plaintiff's objection to the order of the magistrate judge is that the state court judge, by ordering that Plaintiff's claims against Williams and Alfa be "severed for trial purposes," intended that the claims be tried separately pursuant to Rule 42(b) rather than severed pursuant to Rule 21.

---

**1.** This rule is essentially the same as Rule 42(b) of the Federal Rules of Civil Procedure and provides:

**Separate Trials.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims, or issues, always preserving inviolate the right of trial by jury as declared by Section 31 of the Mississippi Constitution of 1890.

**2.** This rule is identical to Rule 21 of the Federal Rules of Civil Procedure and provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just. Any claim against a party may be severed and proceeded with separately.

■ In response to Plaintiff's assertion that this Court lacks subject matter jurisdiction, Defendant argues that the state court judge severed Plaintiff's claims pursuant to Rule 21 and thereby created two independent actions. Defendant argues further that because the claims were severed, removal was proper under 28 U.S.C. § 1441(c). Because the establishment of a basis for the exercise of subject matter jurisdiction is the *sine qua non* of federal litigation, the United States Court of Appeals for the Fifth Circuit has consistently held that it is the party who urges jurisdiction upon the court who must bear the burden of demonstrating that the case is one which is properly before the federal tribunal. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981); *See also Laughlin v. Prudential Ins. Co.,* 882 F.2d 187 (5th Cir.1989). In order for Defendant to prevail on the argument that Plaintiff's claim against Alfa is removable, Defendant, as the removing party, must satisfy the burden of establishing that the state court judge did in fact intend to sever Plaintiff's claims rather than merely allow for separate state court trials, or, alternatively, Defendant must establish that even if there was no severance of claims removal is proper under 28 U.S.C. § 1441.

The state court order declaring Plaintiff's claims "severed for trial purposes" was drafted by William's attorney and counsel for each party signed the order as an indication of agreement as to form. In response to the contention of Defendant that the signature of Plaintiff's counsel indicates that Plaintiff agreed to a Rule 21 severance of claims, Plaintiff's counsel argues that he understood the order to be an agreement to conduct separate trials pursuant to Rule 42(b). Plaintiff's counsel submits a letter sent to him by William's counsel as evidence that the agreement to which the parties referred in the order was an agreement to conduct separate trials, not an agreement to sever the claims. In the letter, William's counsel stated that he desired "... to proceed with the claim against Mr. J.D. Williams alone, so as to avoid any prejudice being visited upon him by mentioning insurance."

In *Phillips v. Unijax, Inc.,* 625 F.2d 54, 56 (5th Cir.1980), the Fifth Circuit, applying the Alabama Rules of Civil Procedure, recognized the important distinction between Rule 21 severance and the granting of separate trials pursuant to Rule 42(b), and noted that the distinction "... clear enough in theory, is often obscured in practice since at times the courts talk of 'separate trial' and 'severance' interchangeably." This Court, recognizing that Defendant carries the burden of establishing jurisdiction and acknowledging the confusion concerning use of the terms "severance" and "separate trial," agrees with the determination of the United States Court of Appeals for the Fourth Circuit in *Compagnie France Film v. Vertex, Ltd.,* 4 Fed.Rules Serv.3d 864 (4th Cir.1985) [782 F.2d 1034 (table)] where that court, applying Rules 21 and 42(b) of the Federal Rules of Civil Procedure, found that "[u]se of the word 'severed' is insufficient, in itself, to establish a Rule 21 severance, given a widely-recognized looseness in usage of the language." *Id.* 4 Fed.Rules Serv.3d at 865.

In response to Plaintiff's argument that the Court should treat the order of the state court as a Rule 42(b) order for separate trials, Defendant contends that "it appears to be clear that this is a Rule 21 severance" because the negligence claim against Williams and the bad faith claim against Alfa are "entirely independent actions" that will result in independent judgments. Because the Court finds that the language of the state court order fails to demonstrate adequately an intent to sever pursuant to Rule 21, it is unnecessary, and indeed unwise, to examine the nature of the claims in an attempt to render a guess as to the intentions of the state court.

■ The arguments of Defendant concerning the "separate and independent" nature of Plaintiff's claim against Alfa are based on analysis employed under 28 U.S.C. § 1441(c) prior to its amendment in 1990. Prior to that amendment, § 1441(c) would have afforded Defendant the opportunity to argue that Plaintiff's claim against Alfa should be removed because it is "separate and independent" from the

claim against Williams and would be removable if sued upon alone. 28 U.S.C. § 1441(c) now provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

The 1990 amendment establishes that in order for a claim or cause of action to be removable under this section it must constitute a separate and independent claim or cause of action within the original jurisdiction of United States district courts as provided for in 28 U.S.C. § 1331. As Defendant fails to recognize, the application of § 1441(c) is not contingent upon a determination that claims have been severed. In fact, if Plaintiff's claims had been severed, removal in this case would be proper under § 1441(a), not 1441(c). Plaintiff's bad faith claim against Alfa clearly does not involve a federal question, thus the claim may not be removed pursuant to 28 U.S.C. § 1441(c).

Because the Court finds that Plaintiff's claim against Alfa has not been severed from the claim against Williams, and because Plaintiff's claim against Alfa is not removable under 28 U.S.C. § 1441(c), the Court lacks subject matter jurisdiction over this action. In the light of the foregoing, the Court finds that the order of the magistrate judge is clearly erroneous and contrary to law and that this action should be remanded to the Circuit Court of Claiborne County, Mississippi.

IT IS HEREBY ORDERED that the order of the magistrate judge entered September 8, 1992, is clearly erroneous and contrary to law and that this action shall be remanded to the Circuit Court of Claiborne County, Mississippi.

SO ORDERED.