Macy JOHNSON and Curtis
Ray Johnson, Plaintiffs,

v.

SNAPPER DIVISION OF FUQUA
INDUSTRIES, INC.,
Defendant.

No. 6:93cv30.

United States District Court,
E.D. Texas,
Tyler Division.

May 10, 1993.

Blake Charles Erskine, Erskine McMahon & Stroup, Longview, TX, for plaintiffs.

James Joseph Juneau, Strasburger & Price, Dallas, TX, for defendant.

## ORDER

STEGER, District Judge.

On this day came on to be considered the Plaintiff's Motion to Remand. After careful consideration, the Court is of the opinion that the following order should issue.

## I. FACTS

This is a products liability case in which the plaintiffs (a husband and wife) allege that Ms. Johnson was severely injured while operating a riding mower manufactured by Snapper Division of Fuqua Industries ("Snapper"). Based upon that allegation, the plaintiffs bring claims based upon strict products liability, warranty, and gross negligence. The action was originally filed in the District Court of Panola County, Texas on February 6, 1992, and included a claim against the retailer (a resident of Texas) who allegedly sold the mower to the plaintiffs (who are Texas residents) as well as against Snapper. The retailer later filed a motion for summary judgment which was granted in all things, thus disposing of all claims against the retailer.[1] The plaintiffs and both defendants then submitted an agreed order of severance to the Texas court, which was entered and which effectively severed the claim against the retailer from the instant suit. This order left only Snapper (a non-citizen of Texas) and the plaintiffs in the case, and Snapper then timely filed a petition for removal in this Court.

The plaintiffs have filed a timely Motion to Remand, asserting that the case was improperly removed as the summary judgment was an involuntary dismissal of their claims. In response, the defendant asserts that the plaintiffs' agreement to join in the order of severance was analogous to a voluntary dismissal of the non-diverse defendant from the state case, thus allowing a removal of the remaining case by Snapper.

## II. ANALYSIS

### A. Question Presented

In order for this Court to exercise its diversity jurisdiction, the citizenship of each of the plaintiffs must differ from that of each of the defendants and the amount in contro-

---

1. The plaintiffs apparently did not oppose the     motion for summary judgment.

versy must exceed $50,000.00.[2] It is uncontested that the plaintiffs are citizens of Texas (the state in which they reside), and that Snapper's citizenship is in Georgia (its state of incorporation and where its principal place of business is located).[3] Thus, the question presented to this Court is not whether the case before it is presently in a form which will allow the Court to exercise jurisdiction, but rather whether the pre-removal proceedings in state court will preclude an exercise of jurisdiction by this Court. Specifically, the Court must determine whether, when a case originally filed in state court is non-removable due to incomplete diversity of citizenship, the case becomes removable under applicable statutes when an involuntary summary judgment is granted in favor of the non-diverse defendant but the plaintiffs voluntarily agree to sever out the non-diverse defendant, leaving true diversity of citizenship between the remaining parties. As the party removing the case to this Court, the defendant Snapper "bears the burden of establishing federal jurisdiction."[4]

### B. Removal Statutes

The removal statutes provide that a civil case which is filed in state court but which could have originally been brought in a federal district court may be removed by the defendant to the federal court of the district and division where the state court is located.[5] Additionally, although a case filed in state

court may initially be in such a form as to be non-removable, if later events cause the case to become removable the defendant may remove the case within 30 days of receipt of information which indicates that the case has become removable.[6] Thus, because this case was not removable in the form in which it was first filed in state court, the latter statutory provision must be applicable in order for removal to be proper.

### C. The Voluntary–Involuntary Rule

The voluntary-involuntary rule provides that a case filed in state court which is initially non-removable may become removable by the plaintiff's voluntary discontinuance of the case against the non-diverse defendant when "such action has taken the resident defendants out of the case, so as to leave a controversy wholly between the plaintiff and the nonresident defendant."[7] This "discontinuance" may take several forms, but the courts have most often required the plaintiff to take action which effectively dismisses the non-diverse defendant from the state court case prior to removal.[8] Conversely, courts have consistently held that when a state trial court disposes of a non-diverse defendant against the plaintiff's wishes (without severing the non-diverse defendant from the lawsuit), the case is not removable.[9] The instant case, however, holds a situation unlike either of the previous circumstances. Here, the

2. 28 U.S.C. § 1332. There are no issues based upon a federal statute or treaty or the United States Constitution. See 28 U.S.C. § 1331 (federal question jurisdiction).

3. 28 U.S.C. § 1332(c)(1).

4. Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir.1989) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir.1981)).

5. 28 U.S.C. § 1441(a).

6. 28 U.S.C. § 1446(b) (in pertinent part). The defendant filed its Notice of Removal within 30 days after the entry by the state court of the Agreed Order for Severance of Actions.

7. American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 316, 35 S.Ct. 355, 356, 59 L.Ed. 594 (1915); see also Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co., 215 U.S. 246, 250, 30 S.Ct. 76, 77, 54 L.Ed. 177 (1909)

(citing Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898)) (stating the general voluntary-involuntary rule); Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir.1967) (holding that the voluntary-involuntary rule survived the 1949 amendment of 28 U.S.C. § 1446).

8. See, e.g., Powers, 169 U.S. at 94, 101, 18 S.Ct. at 264, 267 (plaintiff "discontinued" his action against the non-diverse defendants); American Car & Foundry Co., 236 U.S. at 316, 35 S.Ct. at 356 (plaintiff's action must "take[] the resident defendants out of the case").

9. See Whitcomb v. Smithson, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900) (instructed verdict in favor of non-diverse defendant); Southern Ry. Co. v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402 (1916) (court entered involuntary nonsuit against non-diverse defendant); Weems, supra (directed verdict disposing of non-diverse defendant).

plaintiffs have suffered an involuntary and adverse ruling on a motion for summary judgment (disposing of all claims against the non-diverse defendant), but the plaintiffs, by *voluntarily* then severed the non-diverse defendant from the state court case, rendering complete diversity of citizenship between the remaining parties. Although the Court has in its research found no cases directly on this point, the United States Court of Appeals for the Fifth Circuit has addressed similar situations at least twice.

In the case of *Phillips v. Unijax, Inc.*,[10] the removing party argued that, because the Alabama state court had severed the state court case for purposes of trial, the portion of the case involving the diverse parties was removable. The court disagreed, citing the following factors: (1) the "severance" was in reality an order directing separate trials, and not an order which would have severed the plaintiff's claims and created "two separate lawsuits;"[11] (2) the plaintiff's claims against the non-diverse defendant were removed along with those against the diverse defendant; (3) the non-diverse defendant actively participated in the pre-trial workup of the case; and (4) the Alabama courts had construed the rule under which the case had been separated as allowing for a single judgment, whereas in severed cases there would be "entirely independent actions to be tried, and judgment entered thereon, independently."[12] In the case of *Nolan v. Boeing Co.*,[13] the Court considered a similar argument that a severance of a state court case would allow for remand of a portion of that case which had been removed to the federal district court.[14] In holding that the plaintiff's claims were not subject to remand, the court noted that the Louisiana statute relied on by the plaintiffs only allowed for severance of claims for separate trials, and not for severance into separate lawsuits, and that a true severance of a case will "result[ ] in the rendition of separate judgments"[15] (although Louisiana law also allows for separate judgments to be rendered in cases severed for trial).[16]

Although the Fifth Circuit has not yet found the correct circumstances for the removal of a case based upon the severance of a lawsuit in state court, it has not precluded that possibility if the correct conditions are met.[17] These conditions appear to be as follows: (1) the state court severance must truly create different lawsuits, and not just separate trials in a single lawsuit; (2) the non-diverse party should not be removed along with the diverse party to the federal court and should not participate in the pretrial proceedings in the federal court (leading to the conclusion that no true severance has taken place); and (3) the state court severance should result in entirely separate actions with separate judgments for the claims which are severed. In the instant case, the Court finds that the above conditions rendering a case ripe for removal are present. The Agreed Order for Severance of Actions[18]

10. 625 F.2d 54 (5th Cir.1980).

11. *Id.* at 56.

12. *Id.* at 56 (quoting *Key v. Robert M. Duke Ins. Agency*, 340 So.2d 781, 783 (Ala.1976)) (other citations omitted).

13. 919 F.2d 1058 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991).

14. In *Nolan*, the plaintiffs/appellants were seeking remand of their primary claims against the defendant Boeing, based upon the argument that the Louisiana trial court had severed out Boeing's third party action. The third-party action was against a concern owned by the French government which had manufactured a part in the Boeing airplane which had crashed, giving rise to the lawsuit. The French concern removed the case to federal court based upon 28 U.S.C. § 1441(d) and the Foreign Sovereign Immunities Act.

15. *Nolan*, 919 F.2d at 1067.

16. *Id.*

17. The *Phillips* court stated that "[i]f the state trial court had severed plaintiff's claims, Ala. R.Civ.P. 21, thereby creating two separate lawsuits, [the defendant's] argument [under the voluntary-involuntary rule] might have merit." *Phillips*, 625 F.2d at 56. In *Nolan*, the court found it unnecessary to consider whether a case should be remanded when no true severance had taken place, but did not state that such an argument would not be considered when a true severance had occurred. *Nolan*, 919 F.2d at 1067.

18. See Snapper's Response to Pl. Mot. to Remand Ex. "A."

filed by the parties in state court and executed by counsel of record in that court contained the following provisions: (1) the court found that there was no reason to delay the entry of a final judgment in favor of the distributor of the mower based upon the granted motion for summary judgment; (2) the plaintiffs' claims against the non-diverse distributor were "severed . . . and made the subject of a separate action" [19] under a new style and with a new cause number; and (3) separate judgments were to be entered in the severed cases, "each judgment to be final and to dispose completely of all issues between all parties in the respective suits." [20] Although it is true that the plaintiffs have not dismissed or non-suited the non-diverse defendant entirely, they have voluntarily agreed to a state court order which rendered true diversity of citizenship between the parties. Thus, the Court finds that the concerns and preconditions raised by the Fifth Circuit in the *Phillips* and *Nolan* cases were met by the order entered in the instant case.

As further support for this decision, the Court notes that, under Texas law, an order severing a case (such as that entered by the state court in this case) must be distinguished from an order directing separate trials:

[a] severance divides the lawsuit into two or more separate and independent causes. When this has been done, a judgment which disposes of all parties and issue in one of the severed causes is final and appealable. An order for a separate trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing. The order entered at the conclusion of a separate trial is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided.[21]

Thus, the severance in this case (as noted in the agreed order entered by the state court) resulted in a true separation of claims and defendants into two separate and distinct lawsuits, each of which would eventually result in its own final judgment and each of which could be appealed separately.

In addition to the above, various courts have rendered opinions based upon the voluntary-involuntary rule, citing two primary policy reasons which undergird the rule. First, the rule promotes concerns of finality, i.e., ensuring that plaintiff's claims against the non-diverse defendants are finally concluded so that there is not a possibility of the non-diverse defendant being returned for trial to the state court while the diverse defendant is pending in federal court.[22] Secondly, the courts have cited the need to respect and protect the plaintiffs' right to choose and determine their forum by the way they shape

19. *Id.* P. 1.

20. *Id.* P. 2.

21. *Hall v. City of Austin*, 450 S.W.2d 836, 837–838 (Tex.1970). Texas courts appear to require that claims must be separate and independent in order to properly be severed, but in this case the agreed nature of the order for severance indicates that the plaintiff waived any complaint that the claims were not severable. *See Guaranty Fed. Savings Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990) (setting forth requirements for proper severance under Texas Rule of Civil Procedure 41). It is clear that the *effect* of a severance—the key to the instant inquiry—is that detailed in the *Hall* opinion, *supra.*

22. *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915) (involuntary nonsuit by plaintiff did not render the case removable when the nonsuit could be, and was, appealed); *Davis v. F.S.L.I.C.*, 879 F.2d 1288, 1289 (5th Cir.1989) (reasoning of the rule was to preclude removal when the issue of the non-diverse defendant's dismissal had not been finally determined) (*dicta*) (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir.1967)); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1988) (unless non-diverse defendant is truly disposed of from state court case, "diversity jurisdiction may ultimately be destroyed if the state appellate court reverses the dismissal of the non-diverse party"); *Self v. General Motors Corp.*, 588 F.2d 655, 658 (9th Cir.1978) (citing same concerns raised in *Davis*, *supra*, but eventually applying a formalistic reading of the applicable Supreme Court cases); *Weems*, 380 F.2d at 546 (rule precludes removal when the issue of the non-diverse defendant's dismissal has not been determined, avoiding duplication and expense of a case split between the federal and state courts).

their lawsuit.[23]  In regard to the policy of finality, the Court notes that the possibility in the instant case of a single lawsuit being split between a federal and state forum is almost nonexistent.  Instead, there is now a products liability case pending in state court against the distributor of the product and a distinct case pending in federal court against the manufacturer.  Thus, it appears that the plaintiffs' voluntary action in the state court "has taken the resident defendant[ ] out of the case, so as to leave a controversy wholly between the plaintiff and the nonresident defendant."[24]  In regard to the concerns of respecting the plaintiffs' choice of forum, the Court notes that this forum was obviously not the primary choice of the plaintiff.  In spite of this, however, the plaintiff has voluntarily taken action which renders his lawsuit one which could have originally been filed in this Court, i.e., one in which diversity of citizenship is present.  Thus, the policy concerns which support the voluntary-involuntary rule also support the removal of the instant case to this Court.

In light of the nature of the severance which occurred in the Texas state court, the above Fifth Circuit precedent, Texas law regarding the effects of an order of severance, and the policies underlying the voluntary-involuntary rule, the Court finds that this case was properly removed to this Court.  The defendant has met its burden of proving that this case was properly removed to this Court by proving that federal subject matter jurisdiction is properly exercised.  Therefore, the Court finds that the Plaintiffs' Motion to Remand should be denied.

### III.  CONCLUSION

This products liability case was removed to this Court following a severance by the Texas state court of the only defendant whose citizenship was non-diverse from that of the plaintiffs.  The Plaintiffs' Motion to Remand

seeks to have this Court remand the case, due to the fact that the non-diverse defendant was not the subject of a voluntary dismissal or nonsuit.  After review of the record from the Texas court, the plaintiffs' motion, the defendant's response, and the applicable law, the Court finds that the defendant has sustained its burden of demonstrating that subject matter jurisdiction exists in this Court.  Thus, the Court finds that the Plaintiffs' Motion to Remand should be denied.  It is, therefore,

ORDERED that the Plaintiffs' Motion to Remand is DENIED.

**23.**  *Great N. Ry. Co. v. Alexander,* 246 U.S. 276, 282–283, 38 S.Ct. 237, 239–240, 62 L.Ed. 713 (1918) (plaintiff shapes action and determines removability by his allegations and continues to do so throughout the course of the litigation); *Ushman v. Sterling Drug, Inc.,* 681 F.Supp. 1331, 1333–34 (C.D.Ill.1988) (citing twin policy concerns); *Aydell v. Sterns,* 677 F.Supp. 877, 880 (M.D.La.1988) (rule grew out of the policy that the plaintiff "controls the choice of forum throughout the proceedings") (citing *Great Northern, supra*).

**24.**  *American Car & Foundry,* 236 U.S. at 316, 35 S.Ct. at 356.