Anna M. GUAGNINI, Estate of Ruth L. Leclercq, Robert W. Wilson, and Nancy Ann Platt, Plaintiffs,

v.

PRUDENTIAL SECURITIES, INC. f/k/a Prudential–Bache Securities, Inc. and Polaris Investment Management Corporation, Defendants.

Civ. A. No. DR–94–CA–59.

United States District Court,
W.D. Texas,
Del Rio Division.

Oct. 27, 1994.

Order Sustaining Decision of
Reconsideration Nov. 3, 1994.

**362**

Pat Maloney, Sr., Law Offices of Pat Maloney, San Antonio, TX, for plaintiffs.

Richard L. Josephson, Baker & Botts and Morton L. Susman, Weil, Gotshal & Manges, Houston, TX, for defendants.

*ORDER CONCERNING NOTICE OF
REMOVAL AND MOTION TO
REMAND*

BIERY, District Judge.

Before the Court is the issue of whether federal jurisdiction is established. The original action was filed on February 23, 1994, in the 365th Judicial District Court of Maverick County, Texas, and was styled Reuben Riskind v. Prudential Securities, Inc. f/k/a Prudential–Bache Securities, Inc. and Jerry Cohn, Individually and as Agent and/or Employee of Prudential Securities, Inc.[1] Four amended petitions were filed in which numerous plaintiffs and two defendants were added. The fifth amended petition, the petition on file at the time the case was removed, is styled Reuben Riskind, et al v. Prudential Securities, Inc. f/k/a Prudential–Bache Securities, Inc., Polaris Aircraft Income Fund I, Polaris Investment Management Corporation, Jerry Cohn, Individually and as Agent and/or Employee of Prudential Securities, Inc. and John Frederic Storaska, Individually and as Agent and/or employee of Prudential Securities, Inc. The petition/complaint alleges only state law causes of action including common law fraud, fraud in the inducement, negligent misrepresentation, negligence, breach of fiduciary duty, civil conspiracy, violation of the Texas Securities Act, and violation of the Deceptive Trade Practices Act. The claims involve allegations of improper marketing, promotion, and sales of various limited partnership units purchased by the plaintiffs. On September 29, 1994, Prudential Securities Incorporated, f/k/a Pru-

1. The only cause number assigned to this action by the state district court was 94–02–12341–CV.

dential–Bache Securities, Inc., and Polaris Investment Management Corporation petitioned for removal pursuant to 28 U.S.C. § 1441 and alleged diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Defendants assert the action became removable on September 22, 1994, when the state judge entered an order which the defendants maintain "severed" the claims of four Texas plaintiffs and created a new, independent lawsuit as opposed to ordering a separate trial pursuant to rule 174 of the Texas Rules of Civil Procedure. Although defendants Jerry Cohn and John Frederick Storaska are Texas residents, defendants assert the fifth amended petition does not allege any facts suggesting either of them were involved in the investments of the four plaintiffs involved in the "new" lawsuit. Moreover, the defendants contend that even if the plaintiffs intended to join either Mr. Cohn or Mr. Storaska, such joinder is improper and/or fraudulent, alleging the sole purpose of such joinder is to defeat or prevent removal of this cause of action.

## I. STANDARD OF REVIEW

 The federal courts are courts of limited jurisdiction as defined by the Constitution and by statute. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981). "Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect." *Id.* The Fifth Circuit has consistently held that "[b]ecause the establishment of a basis for the exercise of subject matter jurisdiction is the sine qua non of federal litigation ... it is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal." *Id.* at 549. The removal statute is to be strictly construed, and any doubts concerning removal must be resolved against removal and in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Blackmore v. Rock–Tenn Co. Mill Div., Inc.*, 756 F.Supp. 288, 289 (N.D.Tex.1991). The federal trial court must be certain of its jurisdiction before it embarks "upon a safari in search of a judgment on the merits." *B., Inc.*, 663 F.2d at 549. Thus, defendants in this proceeding bear the burden of proving diversity, i.e. the state trial judge intended a severance and not a separate trial. Further, defendants have the burden of proving fraudulent joinder.[2]

## II. REMOVAL OR REMAND?

Defendants contend the September 22, 1994 order severed the claims of the four captioned plaintiffs pursuant to rule 41 of the Texas Rules of Civil Procedure[3] and created a new, independent lawsuit which is removable based on diversity of citizenship. Defendants support their severance contention by relying on a statement made by the trial judge that the court "on its own initiative, is going to sever from the primary lawsuit the five plaintiffs that were the subject of the Motion to Consolidate...." To further support this theory, defendants refer to the language in the order which sets the plaintiffs' claims for "trial to judgment." Defendants assert the trial to judgment language dispels any belief the plaintiffs would have to wait until all the claims were tried before any judgment became final and appealable because the very purpose of the order was to enable the elderly and infirm plaintiffs the opportunity to recoup their losses. If only separate trials are ordered, no judgment would be entered until the claims of all of the numerous plaintiffs were determined, and the

---

**2.** To prove an allegation of fraudulent joinder, the removing party must demonstrate there is no possibility the plaintiff would be able to establish a cause of action against him in state court. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir.1994).

**3.** Rule 41. MISJOINDER AND NON–JOINDER OF PARTIES

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately.

purpose for having the trials would be foiled. No authority has been found, nor does logic compel, the establishment of jurisdiction based on what a state trial judge may or may not do in the future with reference to final or interlocutory judgments.

 In the motion for remand filed by the four plaintiffs, Anna M. Guagnini, Estate of Ruth R. LeClercq, Robert W. Wilson, and Nancy Ann Platt, plaintiffs contend the state court did not sever the action but merely ordered a separate trial, under rule 174[4] of the Texas Rules of Civil Procedure, by ordering plaintiffs to be ready for trial on November 7, 1994. Because the order merely ordered separate trials, such an order "leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing." *Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex.1970). Plaintiffs contend the use of the word "sever" by the trial judge does not automatically transform an order for separate trials into an order of severance. Plaintiffs rely on questions raised by the trial judge at the hearing on the motion to consolidate and the fact the "new" case set for trial has not been docketed separately as evidence supporting their position. Removal is not allowed when the state court merely orders separate trials. *Phillips v. Unijax, Inc.*, 625 F.2d 54 (5th Cir.1980).

The order at issue reads as follows:

It is, therefore, ORDERED that Plaintiffs' Motion for Consolidation is denied. The Court, on its own initiative, *selects* four Plaintiffs, **ANNA M. GUAGNINI, The Estate of RUTH R. LeCLERCQ, NANCY ANN PLATT, and ROBERT W. WILSON**, all Texas Residents, *to be ready for trial to judgment* **on November 7, 1994, as a backup setting. The Court limits discovery to those four Plaintiffs and** *abates all other discovery for any other Plaintiffs involved in the litigation* **until** such time as the Court determines *when additional trial settings will occur.* (Emphasis added.)

The terms "separate trial" and "severance" have often been treated as synonymous. *Kansas Univ. Endowment Ass'n v. King*, 162 Tex. 599, 610, 350 S.W.2d 11, 19 (1961). When the terms are confused or used incorrectly, a separate trial order does not automatically transform into an order of severance because the trial judge used the word "sever." *Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex.1970). As shown by the underlined language above, the state court order in this case is ambiguous. Therefore, the trial judge's intent is unclear from the language used whether he intended to sever the four plaintiffs from the case. To meet their burden of proving severance and to resolve the ambiguity in the order, defendants could have obtained an unambiguous order or a statement or finding from the trial judge of his intent to sever. Although defendants have provided this Court with a record containing several affidavits and statements of facts from hearings prior to the order, the Court has not been favored with an affidavit or clarification from the state court judge.

 A severance occurs when the lawsuit is divided into two or more separate and independent causes. "Severance is proper ... only where the suit involves two or more separate and distinct causes of action." *King*, 162 Tex. at 611–12, 350 S.W.2d at 19. The judgment in a severed action is final and appealable when it disposes of all parties and issues. *Hall*, 450 S.W.2d at 837–38. Conversely, the order entered at the conclusion of a separate trial is often interlocutory because a final and appealable judgment cannot be rendered until all of the "controlling issues have been tried and decided." *Id.* at 838. An order for separate trial keeps the lawsuit intact while enabling the court to hear and decide one or more issues without trying all of the controverted issues at the

---

4. RULE 174. CONSOLIDATION; SEPARATE TRIALS

(a) **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

(b) **Separate Trials.** The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

same hearing. As a result, a severable cause of action may be the subject of a separate trial under rule 174 but an issue which is "the subject of a separate trial is not necessarily severable." *King*, 162 Tex. at 612, 350 S.W.2d at 19.

■ The motion pending before the state trial court was plaintiffs' motion to consolidate; the trial judge denied the motion. However, after hearing argument of counsel, the trial judge on his own initiative ordered four plaintiffs to trial. At the hearing, the trial judge asked the parties if it did not make sense to select a few plaintiffs, conduct discovery on those plaintiffs, and if appropriate, to proceed to trial on those plaintiffs. Further discussion ensued and defendants' counsel attempted to persuade the court that rule 174 did not apply to the motion. As for rule 174(a), defendants' counsel told the court consolidation did not apply because the cases involved were not filed separately. Rule 174(b) did not apply, according to defendants' counsel, because separate trials did not come into play until after discovery. The trial judge then questioned counsel by inquiring, "Where does it say that that's only after discovery and [c]an't the Court do that on its own motion under Rule 174?" Following further discussion the trial judge made the following oral ruling:

> The Court is going to deny the Motion to Consolidate. However, the Court, on its own initiative, is going to sever from the primary lawsuit the five plaintiffs that were the subject of the Motion to Consolidate and that would be subject to further reconsideration by the Court upon a showing of good cause so that they should not or that they have not been properly joined by this court for trial.

Based on the statement of facts provided from the hearing, the ambiguous written order, and the lack of clarification from the state court judge, this Court finds the defendants have not met their burden of proving a severance was intended, and therefore, have not met their burden of demonstrating this Court has diversity jurisdiction.[5]

### III. CONCLUSION

Because defendants did not meet their burden of proving an intended severance, diversity was not established. *Phillips v. Unijax, Inc.*, 625 F.2d 54, 56 (5th Cir.1980). Therefore, the case will be remanded to state court because this Court does not have subject matter jurisdiction. Because the Court does not have jurisdiction, it need not express an opinion on the issue of fraudulent joinder despite duelling affidavits from plaintiffs and defendants on that issue.

Defendants also seem to imply there are more sophisticated forums than state court in Maverick County, Texas, in which to resolve this dispute. However, only state court claims have been alleged, and the state rules of procedure as presently constituted appear to allow the maneuvers employed by plaintiffs. Depending on whose ox is being gored, one might argue the rules should be changed. There are legislative and rule-making processes to accomplish that result. This Court declines unilaterally to put on the mantle of activism necessary to accomplish the result sought by defendants.

Accordingly, this cause of action is ORDERED REMANDED to the 365th Judicial District Court, Maverick County, Texas. Plaintiffs request for costs and attorneys' fees is DENIED. *See Federal Deposit Ins.*

---

**5.** As previously discussed, the order limits discovery to the four plaintiffs and "abates all other discovery for any other plaintiffs involved in the litigation until such time as the Court determines when additional trial settings will occur." This language implies the lawsuit is to remain intact but the court is ready to begin its determination of some of the claims and/or issues. Additional support for this determination is found in the court's continued use of the same docket number and its recent setting of another plaintiff in this litigation.

The Court is aware of the opinion issued by the Texas Supreme court in *McRoberts v. Ryals*, 863 S.W.2d 450 (Tex.1993). The supreme court not-

ed an order granting a severance becomes effective when signed without the creation of a separate physical file and different case number. *Id.* at 453. The issue in the *Ryals* decision was not whether the order was a severance or for separate trials but concerned the filing deadline for perfecting an appeal. The supreme court stated "the better practice would be for the trial judge to assign a new cause number as part of the severance order, or at least contemporaneously with it." *Id.* at 453 n. 3. *See Phillips v. Unijax, Inc.*, 625 F.2d 54, 56 (5th Cir.1980) (district court assigned single case number reflecting lack of form for severance).

*Corp. v. Calhoun,* 34 F.3d 1291, 1296–97 (5th Cir.1994) (sanctions to be imposed only if attorney's position unreasonable from existing law and its possible extension, modification, or reversal); *Lemos v. Fencl,* 828 F.2d 616, 619 (9th Cir.1987) (bifurcation a close question to withstand rule 11 test; objective review fails to show argument frivolous or legally unreasonable).

### ORDER ON RECONSIDERATION

The Court has considered the status of the above referenced case. On October 28, 1994, Polaris filed a motion for reconsideration of the Court's order concerning notice of removal and motion to remand which the Court granted. Polaris was given until November 3, 1994, to obtain clarification of the state court's order at issue in the removal proceeding. Such clarification has now been obtained and is attached hereto as Exhibit "A." Counsel for the defendant has advised the Court that no further motions for reconsideration will be filed.

THEREFORE, IT IS HEREBY ORDERED that this Court's Order Concerning Notice of Removal and Motion to Remand filed on October 27, 1994, will stand and it is FURTHER ORDERED that the United States District Clerk send a certified copy of the Court's Order of October 27, 1994, to the clerk of the state court.

ORDERED, SIGNED and ENTERED.

EXHIBIT A

CAUSE NO. 94–02–12341–C

IN THE DISTRICT COURT
MAVERICK COUNTY, TEXAS
365TH JUDICIAL DISTRICT

Reuben Riskind, et al.
Plaintiff
vs.
Prudential Securities, Inc.,
F/K/A Prudential–Bache
Securities, Inc., Polaris
Aircraft Income Fund I,
Polaris Investment Management
Corporation and Jerry
Cohn, Individually and as
Agent and/or Employee of
Prudential Securities, Inc.,
Defendants

*ORDER CLARIFYING PRIOR ORDER*

This Court, after receiving the Order Granting Defendant's, POLARIS INVEST-MENT MANAGEMENT CORPORATION, Motion for Reconsideration, the Court's Order concerning Notice of Removal and Motion to Remand, finds that it would be in the interest of justice to enter an Order clarifying its prior Order concerning granting separate trials in this matter.

THEREFORE, after considering the Order of the Federal District Court and after considering the prior Order entered by this Court, this Court finds that it was the purpose and intent of the Court to order separate trials under T.R.C.P. 174(b) and not a severance under T.R.C.P. 41 in the matter of *Rueben Riskind, et al. vs. Prudential Securities, Inc.*

ENTERED this 1st day of November, 1994.

/s/ Amado Abascal

Honorable Amado Abascal