**Robert A. MILLER, Plaintiff,**

v.

**Matthew S. FULTON and Allstate Insurance Company, Defendants.**

**No. CIV. A. 3:00CV370LN.**

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 7, 2000.

---

Thomas C. Gerity, Copeland, Cook, Taylor & Bush, Ridgeland, MS, for Plaintiff.

John D. Brady, McCoy, Wilkins, Stephens & Tipton, Jackson, MS, William C. Griffin, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of the plaintiff Robert A. Miller to remand this action to the Circuit Court of the First Judicial District of Hinds County, Mississippi. Defendant Allstate Insurance Company (Allstate) opposes the motion, and the court, having considered the parties' memoranda and submissions, concludes that the motion is well taken and should be granted.

Plaintiff, a Mississippi resident, filed suit in state court, alleging in Count I of his complaint that Fulton, also a Mississippi resident, negligently caused a collision with and damage to plaintiff's vehicle, for which plaintiff sought compensatory damages, and charging further in Count II and III that thereafter, Allstate, a foreign corporation authorized to do business in Mississippi and Fulton's insurer, "was grossly negligent and guilty of fraudulent behavior" in its effort to settle plaintiff's claim on Fulton's behalf for which plaintiff demanded compensatory and punitive damages as well as declaratory relief.

Allstate removed the action to this court, asserting that because the state court had severed the claims against it from those brought against Fulton, this court now has diversity jurisdiction over the controversy between it and Miller. For his part, Miller argues that remand is appropriate because the state court's order on which Allstate predicated its removal merely granted the defendants separate trials under Rule 42(b) of the Mississippi Rules of Civil Procedure and did not actually sever the claims under Rule 21, and further because, even if the state court did sever the claims, the resulting complete diversity of citizenship between him and Allstate was not obtained pursuant to an affirmative, voluntary act on his part.[1] Agreeing with

---

1. Plaintiff additionally submits in his rebuttal brief that this court lacks subject matter jurisdiction under the plain language of 28 U.S.C. § 1332(c)(1) (for purposes of § 1332 "in any direct action against the insurer of a policy or contract for liability insurance ... to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the

plaintiff that the voluntary/involuntary rule is applicable to this case, the court will remand the action to state court.

Plaintiff filed suit in state court against Allstate and Fulton on December 7, 2000 and the action was designated Case No. 251–99–1224CIV by the circuit clerk's office. On January 21, 2000, Fulton and Allstate moved for "severance and separate trials pursuant to Rule 42(b)"[2] of the Mississippi Rules of Civil Procedure which provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." By way of their motion, defendants argued to the state court that because the negligence claim against Fulton raised "simple issues which would require limited discovery and a relatively quick trial setting" whereas the gross negligence claim against Allstate raised "very complex" issues, that would require "extensive discovery," the claims against Fulton should be severed from those against Allstate and separate trials should be ordered pursuant to Rule 42(b). Defendants, citing the comment to Rule 42(b), further argued that "a severance and separate trials" would: (1) be more convenient to the parties; (2) lessen any prejudice to Fulton on account of the jury finding out that he had insurance; and (3) tend to minimize any confusion that would result as a matter of subjecting the jury to evidence regarding Allstate's policies and procedures. On the question of prejudice to Fulton, the defendants cited the following language from the official comment to Rule 42:

> A separate trial may also be ordered to avoid prejudice, as where evidence ad-

missible only on a certain issue may prejudice a party in the minds of the jury on other issues. For example, this principle may be applied, and a separate trial ordered though a single trial would otherwise be preferable, because in a single trial the jury would learn that defendant is insured. The possibility of such prejudice, however remote, justifies a separate trial if the issues are so unrelated that there is no advantage in trying them together. But if the issues are related, there is considerable authority to the effect that jurors today assume the presence of insurance, that knowledge of the fact of insurance is therefore not prejudicial, and that a separate trial should not be ordered.

Miss. R. Civ. Pro. Rule 42 cmt.

Plaintiff opposed the motion, and on April 12, 2000, after a hearing, the state court granted defendants' motion. The court's order recites as follows:

> This cause came on before this Honorable Court on the motion of defendants, Matthew S. Fulton and Allstate Insurance Company pursuant to Rule 42 of the *Mississippi Rules of Civil Procedure* for an order of severance and for separate trials. After being fully advised in the premises, the Court is of the opinion that the motion is well taken and should be granted.
>
> The Court, therefore, finds that Count I of the Complaint shall be severed from Counts II and III. The plaintiff's cause of action against Matthew S. Fulton for negligence and compensatory damages shall go forward as one proceeding and plaintiff's cause of action for gross negligence and fraud as to Allstate and de-

State of which the insured is a citizen."). Desiring to respond to this argument, Allstate has moved to submit a surrebuttal memorandum. However, inasmuch as the court has concluded that remand is appropriate on the grounds urged in plaintiff's original brief, it will deny Allstate's motion.

2. During the state court proceedings, Allstate and Fulton were both represented by the

same counsel. In their motion to "reconsider stay of discovery as it pertains to Counts II and III of the complaint," Fulton and Allstate represented that should the court grant plaintiff's motion to reconsider the severance, a conflict of interest could arise between the two defendants. On July 20, 2000, the magistrate judge granted Allstate's motion to substitute attorneys.

claratory judgment against Allstate shall proceed in a separate proceeding.

The following day, April 13, 2000, plaintiff filed a motion to reconsider the state court's order of severance and separate trial, and although the case was not actually removed at this time, the day following that, April 14, 2000, Allstate filed its notice of removal. The state court record reflects that while the motion to reconsider was pending, discovery responses were filed in Case No. 251–99–1224CIV on Fulton's behalf and Allstate and Fulton jointly moved for a protective order. On May 15, 2000, after the state court denied plaintiff's motion to reconsider, Allstate filed a second notice of removal of Case No. 251–99–1224CIV. According to the certification by the circuit clerk, a copy of the "entire file" has been submitted to this court, including Fulton's answer to the complaint.

Allstate premises its removal of the allegedly severed action on the Fifth Circuit's decision in *Phillips v. Unijax, Inc.*, 625 F.2d 54 (5th Cir.1980). There, the plaintiffs, Alabama residents whose decedent had been killed in an automobile collision with Unijax's employee, who was also an Alabama state resident, Carner, filed suit in state court and after three years of litigation, moved for separate trials pursuant to Rule 42(b). *Id.* at 55. After the state court granted the motion, Unijax removed the action to federal court, arguing that the court's order created "separate and independent causes of action." *Id.* (internal quotations omitted).

On appeal of the district court's grant of summary judgment to Unijax, the Fifth Circuit rejected defendant's argument that subject matter jurisdiction was conferred under 28 U.S.C. § 1441(c). *Id.* Unijax further urged that jurisdiction was proper under § 1441(a) because the "plaintiffs' motion for separate trials had resulted in two independent lawsuits" *Id.* at 56. The Fifth Circuit, however, finding that the state court had merely ordered separate trials under Rule 42(b), as opposed to sev-

ering the claims under Rule 21, rejected Unijax's argument, stating:

> If the state trial court had severed plaintiffs' claims, Ala.R.Civ.P. 21, thereby creating two separate lawsuits, Unijax's argument might have merit. But that is not what happened. The state court ordered separate trials, Ala.R.Civ.P. 42(b), which is not the same thing. Under Alabama law,
>
> > the distinction exists and is significant . . . . . . . Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of 'separate trial' and 'severance' interchangeably.

*Id.* at 56.

■ According to Allstate, *Phillips* stands for the proposition that the severing of any claim under Rule 21, whether or not the plaintiff acquiesces, supports the removal of the resulting independent actions between the nondiverse plaintiff and defendant, assuming that the jurisdictional minimum is satisfied. From this, Allstate reasons that, as a consequence of the severance ordered by the state court in this case, this court now has subject matter jurisdiction under § 1332 over the controversy between it and Miller. However, as mentioned above, Miller disputes that the state court's order amounted to a Rule 21 severance and, instead, created two independent and separate actions, and contends that the order granted to Allstate and Fulton exactly what they asked for and argued about—separate trials pursuant to Rule 42(b). *Compare* Miss. R. Civ. Pro. 42(b) (providing for separate trials), *with* Miss. R. Civ. Pro. 21 ("Any claim against a party may be severed and proceeded with separately."). Although Allstate takes the position that an examination of the substance of the state court order, as opposed to just the form, reveals

that the state court intended to sever the claims under Rule 21, it is less than apparent to the court that the court's order actually granted a severance as opposed to merely ordering separate trials.

To begin with, Allstate and Fulton's motion for "severance and separate trials," although generally invoking "other applicable rules and statutes," specifically requested relief pursuant to Rule 42(b), which, of course, deals only with separate trials. Additionally, while the motion does make passing mention of discovery difficulties which could be encountered if the claims were tried together (suggesting that a severance is perhaps what defendants intended so that discovery on the claims could proceed separately), the motion does not mention Rule 21, and the substance of defendants' argument relied on the express language of Rule 42(b) as well as on extensive citation of the commentary thereto. Furthermore, while the state court's order did direct that Count I be "severed" from Counts II and III and that the two proceedings go forth separately, docketing as to all the claims continued in Case No. 251–99–1224CIV, leading this court to conclude that the state court used the term "severed" in a less than precise way. *See Caldwell v. Alfa Ins. Corp.*, 806 F.Supp. 623, 625 (S.D.Miss. 1992) (internal citation omitted) ("use of the word 'severed' is insufficient, in itself, to establish a Rule 21 severance, given the widely-recognized looseness in usage of the language"). Finally, given that the circuit court clerk has certified that the entire file in Case No. 251–99–1224CIV has been transmitted to this court, it further appears that the claims against Fulton, although he has not yet participated in the pre-trial proceedings in this forum, may also have been removed to this court, if only inadvertently.[3] *See Johnson v. Snapper Div. Of Fuqua Indus.*, 825 F.Supp.

127, 129 (E.D.Tex.1993) (distilling conditions under which a removal of a case based upon severance of a lawsuit may be had and concluding *inter alia*, that "the non-diverse party should not be removed along with the diverse party and should not participate in the pre-trial proceedings in federal court"). Accordingly, in the light of the foregoing, because the court cannot conclude that Allstate, as the removing party, has satisfied its burden of establishing that the state court intended to sever the claims under Rule 21, as opposed to merely ordering separate trials under Rule 42(b), remand is required.

Moreover, even were the court persuaded that the state court had severed the claims, given that Miller opposed the severance, the court would nonetheless remand the case based on the voluntary-involuntary rule. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967) (voluntary-involuntary rule survived 1949 amendment to 28 U.S.C. § 1446(b), which allowed, for the first time, removal of cases which were not removable on the initial pleading). Under the rule, "cases, not originally removable may become so by the voluntary (but not the involuntary) dismissal of the defendants whose presence precluded removal." *Phillips v. Unijax, Inc.*, 625 F.2d 54, 56 (5th Cir.1980). The chief aim of the rule appears to be to "prevent[ ] removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in state courts," and thereby "avoid[ ] the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the non-resident was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate court." *Weems*, 380 F.2d at 546.

**3.** Allstate removed the case before separate case numbers were assigned (and it is not known whether separate case numbers were ever to have been assigned). Allstate also included Fulton as a defendant in the style of

the case in the notice of removal and, while purporting to remove only the plaintiff's claims against it, recited that jurisdiction exists over the claims against "Defendants."

As mentioned above, Allstate takes the position that *Phillips* stands for the proposition that, assuming the prerequisites of § 1332 are met, any severed claim, whether obtained with or without the plaintiff's consent, may support removal. However, in the court's opinion, *Phillips* is more properly read to support an argument that a defendant may have the right to remove after a plaintiff voluntarily seeks or fails to object to a severance. As Miller points out, the defendant in *Phillips* argued that the plaintiffs' motion for a separate trial was tantamount to a plaintiff's voluntary dismissal such that *Weems'* voluntary-involuntary rule applied. *Phillips*, 625 F.2d at 56. Thus, it was within this context that the Fifth Circuit opined that "[i]f the trial court had severed plaintiffs' claims, thereby creating two separate lawsuits, Unijax's argument might have merit." [4] *Id.* Here, even assuming that Allstate and Fulton sought and obtained a severance, Miller opposed the motion and, as he points out, still has the right to appeal the state court's decision. Thus, in light of the fact that the state appellate court could reverse the decision of the trial court, there remains the risk that the voluntary-involuntary rule was intended to prevent—duplication of proceedings in state and federal court. Such a result would, in the words of the court in *Gandy v. Crompton*, 55 F.Supp.2d 593, 596 (S.D.Miss.1999), offend "the traditional notions of judicial economy." (internal citations omitted).[5]

4. The court notes that prior to the Fifth Circuit's decision in *Phillips*, a district court in Texas applied the voluntary-involuntary rule to a case wherein the trial court ordered a severance over the objection of the plaintiff. *See Continental Oil Co. v. PPG Indus., Inc.*, 355 F.Supp. 1183 (S.D.Tex.1973). In *Continental*, the district court ordered remand, concluding that because the severance was analogous to an involuntary dismissal, *Weems* applied. *Id.* at 1186.

5. Allstate also cites *Caldwell v. Alfa Insurance Corporation*, 806 F.Supp. 623 (S.D.Miss. 1992), and *Johnson v. Snapper Division of Fuqua Industries*, 825 F.Supp. 127 (E.D.Tex. 1993), in support of its contention that a nonvoluntary severance can support removal. The court, however, observes that both of these cases examined, to some extent, the voluntariness of the plaintiff's actions which precipitated removal.

In *Caldwell*, Alfa, a nonresident defendant, removed the case after the state court judge "severed for trial purposes" claims against Alfa and the resident defendant. *Caldwell*, 806 F.Supp. at 624. Judge Barbour granted plaintiff's motion to remand after determining that plaintiff's counsel had only agreed to allow plaintiff's claims to be "severed for trial purposes" under Rule 42(b) and had not agreed to a Rule 21 severance. *Id.* at 625.

Similarly, in *Johnson*, the district court specifically discussed the decision in *Phillips* and the application of the voluntary-involuntary rule. *Johnson*, 825 F.Supp. at 128–29. There the court, after distilling conditions under which a diverse defendant may remove a severed claim, concluded that Snapper properly removed where plaintiffs had "suffered an involuntary and adverse ruling on a motion for summary judgment (disposing of all claims against the non-diverse defendants)," but then *voluntarily* agreed to sever the non-diverse defendants. *Id.* at 131. The *Johnson* court also observed that the policy reasons behind the voluntary-involuntary rule supported removal. Specifically, the court stated:

First, the rule promotes concerns of finality, i.e., ensuring that plaintiff's [sic] claims against the non-diverse defendants are finally concluded so that there is not a possibility of the non-diverse defendant being returned for trial to the state court while the diverse defendant is pending in federal court. Secondly, the courts have cited the need to respect and protect the plaintiffs' right to choose and determine their forum by the way they shape their lawsuit. In regard to the policy of finality, the Court notes that the possibility in the instant case of a single lawsuit being split between a federal and state forum is almost nonexistent. Instead, there is now a products liability case pending in state court against the distributor of the product and a distinct case pending in federal court against the manufacturer. Thus, it appears that the plaintiffs' voluntary action in the state court "has taken the resident defendant[ ] out of the case, so as to leave a controversy wholly between the plaintiff and the nonresident defendant." In regard to the concerns of respecting the plaintiffs' choice of forum, the Court notes that this forum was obviously not the primary choice of the plaintiff. In spite of this, however, the plaintiff has voluntarily taken action which renders his lawsuit one which could have originally

Accordingly, the court concludes that remand is also appropriate based on the voluntary-involuntary rule.

Based on the foregoing, it is ordered that plaintiff's motion to remand is granted.

been filed in this Court, i.e., one in which diversity of citizenship is present. Thus, the policy concerns which support the voluntary-involuntary rule also support the removal of the instant case to this Court. *Id.* at 130–31.