## Moran *v.* Moran

No. 43479 April 26, 1965 173 So. 2d 916

*Ebb J. Ford, Jr.,* Gulfport, for appellant.

*Bidwell Adam,* Gulfport; *Jack Parsons,* Wiggins, for appellee.

Inzer, J.

Appellant, Mrs. Theda Mallete Moran, filed this suit in the Chancery Court of Stone County on March 3, 1964 against her husband, Admon Louis Moran, Jr., whereby she sought a divorce from him, custody of the children, alimony, support for the children, and attorney's fees. She alleged in her bill of complaint that she and her husband were both adult resident citizens of Stone County. She further alleged that they separated on March 3, 1964 at Monks Corner, South Carolina. She charged that her husband had been guilty of habitual cruel and inhuman treatment, and she was forced to leave him for this reason. Process was issued to the sheriff of Stone County for appellee, and was returned by the sheriff with the statement that appellee could not be found in Stone County. On March 27, 1964 appellant filed an amendment to her bill of complaint wherein she alleged appellee had taken the children and carried them out of the state. She further charged that appellee had moved himself from the state and that his address was Route 1, Monks Corner, South Carolina.

She prayed for process by publication for appellee as a nonresident of the state. Process was had for appellee by publication returnable to the April 1964 term of court.

On April 20, 1964 appellee made a special appearance in the Chancery Court of Stone County for the purpose of contesting jurisdiction of the court. This was done by a motion to dismiss, and the motion alleged the parties were residents of South Carolina and had been for more than a year prior to the time this bill of complaint was filed. The motion to dismiss was not heard during the regular April 1964 term of court, but on May 1, the last day of the term, the chancellor entered the following order:

> There came on for consideration a request of Counsel for the Complainant and Defendant for a hearing in Vacation on the Motion to contest the jurisdiction of this Court in the above styled and numbered cause and the Court does find that said matter should be heard in Vacation.
>
> IT IS, THEREFORE, Ordered, Adjudged and Decreed that said matter is set for hearing on the Motion to contest the jurisdiction of this Court on the 28th day of May, 1964 at 10 A.M. in the City of Wiggins, Mississippi at the Stone County Court House. THUS, ordered and done in open Court this the 1st day of May, 1964.

The record reflects that pursuant to this order, a hearing on the motion to dismiss was held at the time and place designated. Appellant made no objection to the motion being heard in vacation. The chancellor, after hearing the testimony and arguments of counsel, made his finding of fact. He found that the domicile of appellee prior to the separation and then was in South Carolina, and that the domicile of his wife was the same as that of her husband. On June 5, 1964 the chancellor entered an order sustaining the motion to

dismiss this cause for the reason the court did not have jurisdiction of the parties or subject matter of the suit. From this order Mrs. Moran has appealed to this Court.

██ █ Appellant contends that the chancellor erred in his finding that the Chancery Court of Stone County did not have jurisdiction of the parties or subject matter of this suit. We have reviewed the evidence in this regard, and are of the opinion that the evidence supports the finding of the chancellor. This case must be affirmed unless, as contended by appellant, the order entered by the chancellor was null and void because Mississippi Code Annotated section 2742 (1956) prohibits the chancellor from hearing this matter in vacation. Section 2742 provides:

> The proceedings to obtain a divorce shall not be heard or considered nor a decree of divorce entered except in open court at a regular or special term of the court, save in cases heard in term time and taken under advisement. Any decree made or entered contrary to the provisions of this section shall be null and void. Nothing herein shall be construed as limiting the right of the chancellor in vacation to dismiss such proceedings upon the application of the complainant or by agreement of the parties: Provided however that the chancellor in vacation may, upon reasonable notice, in urgent and necessitous cases, hear petitions for temporary alimony and temporary custody of children and make all proper orders and decrees thereon.

Appellant contends that this section prohibits the chancellor from hearing in vacation any proceedings in divorce cases except those specifically provided for in the statute, and that any order entered in any other matter not specifically set out in the statute is null and void. It is the contention of appellee that since the hearing was had upon request of the parties and that the hearing was not on the merits of the divorce issue, the hearing was not in conflict with section 2742.

██ ██ We have determined that, although appellant agreed to and requested that the chancellor hear the motion to dismiss in vacation, she is not now precluded from raising the validity of the order of the chancellor. Although section 159 of the Mississippi Constitution of 1890 vests in the chancery court full jurisdiction in all matters of divorce and alimony, the Legislature has prescribed the manner in which such jurisdiction should be exercised and the various causes for which divorce may be granted. Sections 2735 through 2748 inclusive of the Mississippi Code Annotated (1956) are the statutes governing divorce matters. We said in Price v. Price, 202 Miss. 268, 32 So. 2d 124 (1947), that:

> The power or authority or jurisdiction to grant a divorce in this country depends solely upon statute, and is not derived from the common law. 27 C. J. S., Divorce, Sec. 69, page 629 et seq.; 17 Am. Jur., p. 151. This brings into operation the well established rule that where a statute creates a right of action which did not exist at the common law and the same statute fixes the conditions upon which the right may be asserted, the conditions are an integral part of the right thus granted — are substantive conditions, the observance of which is essential to the assertion of the right. As tersely stated in United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 34 S. Ct. 550, 58 L. Ed. 893, when a right is given solely by statute it is subject to the terms named in the statute. Compare Louisville & N. R. Co. v. Dixon, 168 Miss. 14, 20, 150 So. 811; and see 1 Am. Jur., Actions, Sec. 11, p. 410; 1 C. J. S., Actions, Secs. 5 and 9a, pp. 973, 990. (202 Miss. at 272)

Therefore all matters pertaining to divorce actions in this state are governed by the above mentioned statutes. In order to determine the question now raised by appellant, we must construe section 2742. This precise question has never been before this Court before,

and we have no cases of our own to govern us in the meaning of the words of this statute. We do find that Judge Amis, in his excellent brief on Divorce and Separation in Mississippi, in discussing this section, construed section 1420 of the Code of 1930, which was brought forward in exactly the same language in section 2742, Mississippi Code Annotated (1956), as follows:

All divorce cases, and all proceedings in reference thereto, must be heard and considered, and the decree therein must be rendered in open court at a regular or special term thereof, except that cases which have been so heard in term time, may be taken under advisement for decree in vacation. Code 1930 section 1420. (Amis, Divorce and Separation in Mississippi § 257, at 354 (1935)).

In support of this statement he set out on page 355 the purpose of the statute and the reason the Legislature enacted the same. He stated:

The manifest purpose of the statute was to correct certain abuses which had grown up in the trial of such cases. It had been common practice, where the parties were socially prominent or politically powerful, to try the case in the privacy and seclusion of the chancellor's chambers, while ordinary people were required to undergo the ordeal of a public hearing. Not infrequently also the parties, or their solicitors, would agree to a private hearing, before the chancellor in vacation, which was accordingly had and a decree granted, almost as a matter of course, without any publicity whatever. It was likewise a common practice for the chancellor to request a member of the bar to hear uncontested cases, in a side room of the court house, and recommend to him what decree he should render, which was accordingly signed without ever knowing whether it was right or not. Such practices became so common that the trial of divorce cases often became a mockery and a sham.

And in order to correct all these abuses it was enacted that "the proceedings to obtain a divorce shall not be heard or considered nor a decree of divorce entered except in open court at a regular or special term of court"; and that "any decree made or entered contrary to the provisions of this section shall be null and void." (*Id.* at 355).

We also find in this same work, in a discussion of alimony pendente lite, a further statement relative to this section was made:

The statute provides that the proceedings to obtain a divorce shall be had in open court at a regular or special term, except that in urgent and necessitous cases the chancellor, in vacation, may hear petitions for temporary alimony and temporary custody of children, and make all proper decrees thereon. Code 1930 section 1420. The clear intent of the statute is to require all proceedings in divorce cases, except in the particulars stated, to be had and conducted in open court in term time. It follows, therefore, that the chancellor, in vacation, may not allow suit money or attorney's fees; nor may he allow temporary alimony, except in urgent and necessitous cases, to provide for the support of the wife, and the custody and support of the children until the next term of the court. (*Id.* § 172, at 228)

It is clear from these statements that it was the opinion of Judge Amis that it was the intent of the Legislature to prohibit the chancellor in vacation from hearing any matters relative to divorce proceedings, except those specifically set out therein.

 ██ In construing this statute we must look first to the words of the statute to determine intent of the Legislature. The statute as written does not appear to be ambiguous, and a construction of the statute involves the meaning of the word "proceedings" contained in the first sentence of the statute. The word

"proceeding" or "proceedings" usually includes any and all steps or measures taken in prosecution or defense of an action. 1 C.J.S. *Actions* § 1h.(a), at 954-55 (1936). It appears that the Legislature intended that in the construction of this statute the generally accepted meaning be given the word "proceedings," since it provided that the statute should not be construed to limit the right of the chancellor in vacation to dismiss such proceedings upon application of the complainant or agreement of the parties. The chancellor could in urgent and necessitous circumstances hear petitions for temporary alimony and temporary custody of children and enter proper orders thereon. It is apparent to us, as it was to Judge Amis, that the Legislature intended to prohibit the chancellor in vacation from hearing any matters relative to any proceedings in a divorce case except those specifically authorized by this statute.

While we see no sound reason why the chancellor in vacation should not be allowed to hear and determine preliminary matters in divorce cases, we are constrained to hold, in view of the above quoted statute, that the chancellor in this case was without authority to hear the motion to dismiss in vacation, and that the order entered pursuant to the hearing is null and void and of no effect. Therefore, for this reason, this case must be reversed and remanded for a hearing on the motion to dismiss at a regular or special term of court.

Reversed and remanded.

*Kyle, P. J., and Ethridge, Jones and Patterson, JJ.,* concur.