JONES, Justice:
There are two cases considered here because of the questions presented.
As to the first assignment, alleging that the court erred in not transferring the case to circuit court, it is sufficient, we think, to say the bill sought to cancel a cloud on the title to real estate, an injunction to prevent acts of alleged trespass and discovery. The court did not err in this respect.
The other matter, which disposes of the case, requires more discussion.
The first complaint was filed on or prior to November 5, 1964, seeking to cancel a cloud on title and an injunction because of a trespass alleged to have occurred on or about May 1, 1964, in which case it was charged defendants had destroyed 178 pine trees, 1130 oaks, 724 gums, 20 poplars, 1 cypress, 3 cedars, and 1075 trees of other species. Damages called “punitive damages” were sought in the sum of $36,215.06, said amount being figured at the amount of penalty for the trees fixed by Section 1075, Mississippi Code of 1942 Annotated (1956).
A special demurrer was filed, alleging failure to deraign title. On January 15, 1965, the demurrer was sustained.
An amended bill was then filed on May 18, 1966, in which title was deraigned, and the same penalties sought, as well as the other relief asked in the first bill. A special demurrer to this bill for non-joinder of parties was filed. The demurrer as to non-joined parties was sustained on October 19, 1966, with leave to complainants to amend within thirty days; otherwise the case would stand dismissed.
On January 12, 1967, motion to reinstate was filed and denied or dismissed on July 13, 1967.
*773 The first case bore Number 7147 on the docket of the Court.
Cause Number 7636 was then filed as a new case on July 21, 1967, more than three years after the accrual of the trespass action of May 1, 1964.
Defendants pled in bar Section 1087, Mississippi Code of 1942 Annotated (1956) which reads as follows:
An action for any specific penalty given by this chapter may be prosecuted in any court of competent jurisdiction within twelve months from the time the injury was committed, and not after; and a recovery of any penalty herein given shall not be a bar to any action for further damages, or to any criminal prosecution for any such offense as herein enumerated. A party, if he so elect, may, under any of the provisions of this chapter, claim less than the penalty given.
Complainants replied with Section 744, reading as follows:
If an action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein; and his executor or administrator may, in case of his death, commence such new action, within the said one year.
This section is preceded by Sections 723 and 731 as follows:

Section 723

The provisions of this chapter shall not apply to any suit which is or shall be limited by any statute to be brought within a shorter time than is prescribed in this chapter, but such suit shall be brought within the time that may be limited by such statute.

Section 731

All actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after.
The issue thus before us is whether Section 1087 applies, or whether the limitation in this case is by Section 744.
Sections 744 and 731 are in Chapter 2 of the Code, the title of which is “Limitations of Actions.” They cover, as shown, "any penalty or forfeitureand provide that they shall not cover any suit which by statute shall be brought in a shorter time. Section 1075 (providing specific penalties for the different types of trees cut) and Section 1087 (covering actions for any specific penalty given by this chapter) are a part of Chapter 3 of the Code under the heading “Trespass.”
If Section 1087 were an ordinary statute of limitation, Section 744 would apply to this entire action. It is not, however. The action of trespass to recover these specific penalties for the cutting of trees is a purely statutory creation. Section 1087 is part and parcel and a substantive part of the right to recover such penalties given by Section 1075.
In Bethlehem Steel Co. v. Payne, 183 So. 2d 912, 916 (Miss.1966), the distinction is shown:
There are a number of well recognized exceptions to the general rule that statutory limitations upon the time within which suit must be brought are procedural. The following exception to the rule is noted in Stumberg, Conflict of Laws p. 148 (3d ed. 1963):
Another exception which is frequently made in the decisions exists where a *774 statute which creates a right,' in the same enactment provides for the time within which suit is to be brought. In such cases a majority of the courts have taken the position that the limitation qualifies the right so that unless suit is brought within the time allowed under the foreign statute, no suit may be brought at the forum, even though the time there may be longer.
This Court had the same issue before it in Louisville & N. R. Co. v. Dixon, 168 Miss. 14, 150 So. 811 (1933), and there held:
Having determined that the period prescribed is an integral part of the right, a condition of the right to institute a suit, and is not a mere statute of limitations, the remaining question is whether our section 2314, Code 1930, can be (applied to save the case now in hand. That section provides in effect that, where any suit has been brought in time, but has been defeated for reasons other than upon the merits, a new action for the same cause may be brought within one year after the determination of the original suit. The principle upon which this question turns has been generally settled in other jurisdictions, and we find that the courts of Louisiana adhere to the same course of adjudication in regard to the particular question which prevails elsewhere.
In Matthews v. Kansas City S. Ry. Co., 10 La.App. 382, 120 So. 907, 911, the Court of Appeals of Louisiana quoted with approval the following annotation: “The rule is well settled in a majority of the jurisdictions where the question has arisen, that, as a statute which creates a cause of action not known to the common law, and fixes the time within which an action must be commenced thereunder, is not a statute of limitation, but the right given thereby is a conditional one, and the commencement of the action within the time fixed is a condition precedent to any liability under the statute, a general provision of the limitation statutes for additional time within which to bring a new suit after the failure of a previous action for the same cause, notwithstanding the new suit would otherwise be barred, has no application to a purely statutory cause of action upon which the statute creating it provides that action must be brought within a certain time.” And the court went on to hold further that the statute of Louisiana, article 3518, Civil Code, in respect to interruptions by suit, is inapplicable to the periods in statutes of the nature here under consideration, and that “the recommencement by plaintiff of her action within one year after the dismissal of a former action by her for the same cause, but more than one year after the death, did not interrupt the running of the delay of one year allowed * * * in which to commence the action.” The court, in citing cases as authority for its position, refers to Rodman v. [Missouri Pac.] Railroad Co., 65 Kan. 645, 70 P. 642, 59 L.R.A. 704, which is one of the principal cases relied on by our own court in Gulf & S. I. Railroad [Co.] v. Bradley, 110 Miss. 152, 69 So. 666, Ann.Cas.1918D, 554.
Thus it appears that the Louisiana courts are in harmony with other courts that statutes which are merely statutes of limitation or prescription do not operate to extend or supplement the time for the institution of the suit, upon which the recovery is to be had, in respect to causes wherein the period allowed for the institution of the suit is an integral part of the right asserted in the suit. Our section 2314, Code 1930, is purely a statute of limitation; it has no other character or potency, and therefore cannot be made applicable to a cause of action wherein the period prescribed is a substantive portion of the cause of action as is the case now before us. The cause of action had become extinct when the second suit was filed herein, and we have no power over it except to so declare and dismiss it. 168 Miss, at 21-23, 150 So. at 812-13.
*775 See also 120 A.L.R. 379 (1939).
While problems with reference to the effect of a particular limitation statute are of course to be dealt with in view of the language of the statute, the observation may be made that in most states wherein the question has arisen the view has been taken that, in general, a statute providing that a new action may be commenced after the expiration of the period of limitation regularly prescribed therefor, where a prior action brought within the period and terminating thereafter has failed otherwise then on the merits, does not apply where the action is founded wholly upon a statute which creates the right of action and specifies the time within which action may be commenced. In such cases the time prescribed in the statute, limiting the right is ordinarily regarded as a limitation upon the right itself, so that when the time expires the right itself is extinguished except as to actions then pending.
This same principle has been followed by our Court in the following cases: Bethlehem Steel Co. v. Payne, 183 So.2d 912, 916 (Miss. 1966); Moran v. Moran, 252 Miss. 890, 173 So.2d 916 (1965); Davis, Admr. v. Meridian & Bigbee R. R. Co. et al., 248 Miss. 707, 161 So.2d 171 (1964); Price v. Price, 202 Miss. 268, 32 So.2d 124 (1947); Dunn Construction Co. v. Bourne, 172 Miss. 620, 159 So. 841 (1935).
The order sustaining demurrer was upon a special demurrer. Such an order is without prejudice. Griffith, Mississippi Chancery Practice section 622, page 670 2d ed. 1950).
This does not dispose of the entire case, however. Complainants sought damages by reason of the trespass consisting of items other than the specific penalties given by Section 1075. As to these items for which complainant has a right of action not created by Section 1075, the one year limitation does not apply.
We affirm the case insofar as such specific penalties provided by Section 1075 are concerned, but reverse and remand for further appropriate action on damages recoverable under the common law.
Affirmed in part and reversed and remanded in part.
GILLESPIE, P. J., and RODGERS, BRADY, and INZER, JJ., concur.