# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-02459-SCT

*3M COMPANY*

*v.*

*CURTIS LEE HINTON*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2003 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SCOTT WILLIAM BATES |
| | WALKER W. (BILL) JONES, III |
| | BARRY W. FORD |
| | BARRY CLAYTON CAMPBELL |
| ATTORNEYS FOR APPELLEE: | JOHN M. MONTGOMERY |
| | WILLIAM H. LISTON |
| | DUDLEY G. JORDAN |
| | ZOLLIE C. STEAKLEY |
| | TODD COKER |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 02/17/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Upon the trial court's entry of a Case Management Order in this mass tort case involving numerous parties, 3M filed a petition for an interlocutory appeal, which we granted. Finding error in the trial court's Case Management Order, we reverse this order entered by the Circuit Court of the Second Judicial District of Jones County and remand this case for proceedings consistent with this opinion.

## PROCEEDINGS IN THE TRIAL COURT

¶2.    In this case 115 plaintiffs sued 77 defendants for alleged asbestos-related injuries on January 1, 2002, in the Circuit Court of the Second Judicial District of Jones County, the Hon. Billy Joe Landrum, presiding. As this case is in its initial stages, no depositions have been taken, and while written discovery was served on the plaintiffs, responses have been limited and incomplete.

¶3.    On July 22, 2003, 3M, on the grounds that the plaintiffs' Third Amended Complaint provided no details of the claims made against the various defendants, moved for entry of a Case Management Order ("CMO") which would have required each plaintiff to provide initial, basic discovery. This CMO would have also provided the trial court with a basis to determine severance or joinder, venue and other necessary preliminary issues. 3M's proposed CMO would have likewise required each plaintiff to try his or her claims separately, unless the trial court determined that the factual record supported joinder or consolidation as provided by Miss. R. Civ. P. 20 and 42.

¶4.    In response to 3M's motion, the plaintiffs proposed their own CMO. Under this CMO, the plaintiffs would have unilaterally designated a trial group of up to twelve plaintiffs, whose claims would then be tried together. 3M argued that the plaintiffs' CMO required no factual showing that the trial groups had sufficient factual or legal commonality to satisfy Miss. R. Civ. P. 20. The plaintiffs merely argued that this CMO had previously been used in another case in another county. On September 25, 2003, without conducting a hearing, the trial court entered the plaintiffs' proposed CMO, essentially without change.

¶5.     On October 17, 2003, 3M submitted a proposed order certifying the trial court's ruling on the CMO for interlocutory appeal. The trial court denied certification on October 28, 2003. This Court thereafter granted 3M's timely petition for interlocutory appeal.   See M.R.A.P. 5.

## DISCUSSION

¶6.     On August 23, 2004, this Court decided *Harold's Auto Parts, Inc. Mangialardi*, 889 So. 2d 493 (Miss. 2004). As in *Mangialardi*, today's case is a mass tort litigation case concerning the joinder of multiple plaintiffs against multiple defendants. *Mangialardi* controls the disposition of all issues raised in the case sub judice. In *Mangialardi* we determined that the plaintiffs failed to comply with Miss. R. Civ. P. 8, 9, 10 and 11, and were, therefore, required to provide basic information prior to filing a complaint. We reach the same conclusion here.

¶7.     On January 13, 2005, we decided *MS Life Ins. Co. v. Baker*, No. 2003-IA-01149-SCT, 2005 WL 67522 (Miss. 2005), a case involving 45 plaintiffs alleging claims of fraud against 51 defendants, holding that neither the plaintiffs nor the defendant had properly satisfied the requirements of Miss. R. Civ. P. 20 to present a joinable claim. Therefore, we remanded the case to the trial court, requiring all parties to "present substantial evidence demonstrating the propriety or impropriety of joinder." *Id.* at *6 (¶ 22).   In the case sub judice and in *Mangialardi*, the plaintiffs submitted pleadings which did not, at the very least, include the name or names of the defendants against whom each plaintiff alleged a claim, the time and location of exposure, and the medical condition caused by such exposure. This is a clear failure

3

to comply with Rules 8, 9, 10, and 11, and without compliance with these basic pleading requirements, we find that there is no need to move on to a *Baker* analysis under Rule 20. In *Baker*, those plaintiffs named the defendant, named the time and location of the alleged fraud, and alleged the damages that resulted from the alleged fraudulent credit insurance. Had the *Baker* plaintiffs failed to comply with the basic requirements of Rules 8, 9, 10, and 11, *Mangialardi* would have controlled in that case as well. Because we find that this case involves a failure to comply with Miss. R. Civ. P. 8, 9, 10 and 11, we hold that the case sub judice is distinguishable from *Baker* and, therefore, follow *Mangialardi*.

## CONCLUSION

¶8.     We reverse the trial court's September 25, 2003, Case Management Order, and we remand this case to the Circuit Court of the Second Judicial District of Jones County with the following instructions: The trial court is directed to dismiss, without prejudice, the complaint of each plaintiff who fails, within forty-five days of this Court's mandate, to provide the defendants and the trial court with sufficient information for such determination of joinder, severance, venue and transfer if warranted. Such information shall include, at minimum, the name of the defendant or defendants against whom each plaintiff alleges a claim, the time and location of exposure, and the medical condition caused by such exposure.    The trial court shall conduct any further proceedings in this case consistent with this opinion.

¶9.     **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., AND DICKINSON, J., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  GRAVES, J.,**

4

**CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**