# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-01473-SCT

*CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY*

*v.*

*TERRY LOUIS SMITH, ET AL*

| | |
|---|---|
| ATTORNEYS FOR APPELLANT: | GLENN F. BECKHAM |
| | LONNIE D. BAILEY |
| | EDWARD BLACKMON, JR. |
| | FRANK JONES |
| ATTORNEYS FOR APPELLEES: | JAMES B. GRENFELL |
| | BRAD M. WILLIAMS |
| DISPOSITION: | PETITION GRANTED - AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS - 02/23/2006 |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The petition before us today is for writs of mandamus and prohibition and for permission to appeal interlocutory orders of the Circuit Court of the First Judicial District of Hinds County.   We find the petition has merit and should be granted; further briefing is unnecessary, and we should now proceed to dispose of the issues.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     Suit was originally brought against Illinois Central Railroad Company ("the Railroad") by three employees under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*. The original complaint alleged the plaintiffs worked for the Railroad "and/or its predecessors" and

that "plaintiffs" were exposed to various hazardous materials including "asbestos, asbestos-containing products, sand, silica, ballast dust, grinding dust, diesel fumes, coal dust and other fibrogenic, carcinogenic noxious and deleterious dusts fumes, mists solvents and gases. . . ." As a result of this alleged exposure – which plaintiffs characterize by listing fifteen specific categories of negligent conduct – the complaint claims "plaintiffs have developed and are at increased risk to develop one or more" of 21 various enumerated diseases "and other asbestos-related cancer."

¶3. The complaint, which treats the plaintiffs as a single entity, neither specifies negligence or harm associated with any particular plaintiff nor explains when, where, how, or by what product any particular plaintiff was injured. Although the plaintiffs amended their complaint several times, they never corrected these deficiencies.

¶4. Several plaintiffs voluntarily dismissed their claims, leaving five plaintiffs before us today. During discovery, the Railroad learned that no plaintiff ever worked at the same time and place as any other plaintiff. Recognizing their inability to comply with the requirements for proper joinder of claims under Miss. R. Civ. P. Rule 20, the plaintiffs agreed to severance. However, in ordering the agreed severance, Hinds County Circuit Judge Tomie Green proclaimed that the claims of the five remaining plaintiffs were "properly filed in the First Judicial District of Hinds County," and that "this action shall proceed as to the claims of Larry Polk." The other four plaintiffs were required to file amended complaints and obtain new civil action numbers from the clerk. Specifically, Judge Green ordered that four of the plaintiffs "shall be severed from this action, and shall file amended complaints, and the Clerk is hereby

2

ordered to assign new cause numbers for those actions reassigning those cases to the Honorable Judge Tomie T. Green."

¶5.     Claiming Judge Green's order improperly circumvented the random assignment of cases required by Rule 1.05A of the Uniform Rules of Circuit and County Court Practice, the Railroad filed the motion before us today.  Plaintiffs responded to the motion on August 2, 2005, and we stayed all trial court proceedings pending completion of our review and disposition of the matter.  Our review is now complete.  We grant the Railroad's motion for interlocutory appeal and, because this appeal involves issues of law, requiring no resolution of disputed fact, we now proceed to decide the matter without further briefing.

## DISCUSSION

¶6.     Judge Green's order declared the five plaintiffs were properly before the Circuit Court of Hinds County, First Judicial District.  She ordered the claims of one of the plaintiffs to proceed in the current action and ordered the remaining four plaintiffs to file amended complaints.  In addition, she ordered the clerk to assign new civil action numbers to these four amended complaints and to assign all four of them to her.  The Railroad argues that, in issuing this order, Judge Green bypassed the random assignment procedure required by Rule 1.05A of the Uniform Rules of Circuit and County Court Practice, which states:

> In multi-judge districts and courts, all civil cases shall be assigned immediately on the filing of the complaint by such method which shall insure that the assignment shall be random, that no discernable pattern of assignment exists, and that no person shall know to whom the case will be assigned until it has been assigned.  If an attorney or party shall attempt to manipulate or defeat the purpose of this rule, the case shall be reassigned to the judge who would have otherwise received the assignment.  If the judge who would have received the

3

case under an assignment in compliance with this rule cannot be determined, a new assignment in compliance with the rule shall be made, excluding the judge to whom it was incorrectly assigned.

¶7.     Plaintiffs respond, asserting that, once the original complaint was assigned to Judge Green in compliance with Rule 1.05, she was within her discretion to retain the cases of all of the plaintiffs, even after severance.  Because we hold today that the four misjoined plaintiffs must file new complaints in jurisdictions of appropriate venue, we decline to address issues of random assignment or venue as to these plaintiffs.  All such issues must be first presented to the trial court or courts in which their new complaints are filed.

¶8.     However, the claims of Larry Polk require a different analysis.  Judge Green did not order Polk to file an amended complaint.  Rather, her order provided that the current civil action would continue with Polk as the only plaintiff.  This, combined with her holding that Polk was properly before the Circuit Court of the First Judicial District of Hinds County, presupposes that Polk's original complaint filed March 28, 2003, and his amended complaint filed February 27, 2004, satisfy the requirements for venue and comply with notice pleading requirements.  We turn now to a review of the law to be applied to the undisputed facts in this case.

*Analysis of applicable law*

¶9.     Although claims of misjoinder and inadequate pleading frequently travel together, they are distinct issues requiring separate and different analyses.  Furthermore, where both misjoinder and insufficient pleading are found, an appropriate remedy fashioned to address one will not necessarily remedy the other.  That said, we begin our analysis with two procedural

4

pleading requirements we addressed and clarified in several cases of relatively recent vintage. Our pronouncements regarding the requirements for proper joinder under Miss. R. Civ. P. Rule 20, and regarding the minimum information necessary to comply with the requirements of notice pleading required under Miss. R. Civ. P. Rules 8, 9, 10 and 11, have been the subject of considerable interest and comment from the judiciary and the bar. Today, we provide further needed clarification.

¶10. With respect to the joinder and pleading issues, this case presents nothing new or novel. It does, however, present a tangential question of first impression, that is, whether the lawsuits of misjoined plaintiffs – after severance – should be dismissed and refiled as new cases. As will be discussed below, substantial precedent exists for requiring amended complaints and transfers, where necessary, to appropriate venues.

¶11. Having severed the cases of four plaintiffs from Polk's case, Judge Green believed all five cases were continuing in nature, notwithstanding her order of new civil action numbers for the four that were severed. Because the suits of all five plaintiffs were originally assigned to her, and because she concluded that all five plaintiffs could properly pursue their claims in the First Judicial District of Hinds County, Judge Green thought it appropriate to retain the case of one plaintiff and order the clerk to assign her the other four.

¶12. Realizing this is an issue of first impression, and giving Judge Green the benefit of the doubt (to which she is certainly entitled), we cannot say her decision was unreasonable or without legitimate purpose. Judicial economy, alone, could explain her decision to retain five similar cases filed against the same defendant. Indeed, Plaintiffs' counsel presents an

excellent brief supporting Judge Green's decision. The Railroad also presents an impressive brief, forcefully arguing that random assignment of the severed cases pursuant to Rule 1.05 is critical to the administration of justice.

¶13. We reach our decision today after careful review of the positions argued by the parties, as well as consideration of numerous issues presented by severance of misjoined plaintiffs. We find it prudent at this juncture to review our current law on joinder and notice pleading, and then address the basis for our holding today.

*Joinder*

¶14. Beginning with ***Janssen Pharmaceutica v. Armond***, 866 So. 2d 1092 (Miss. 2004), Justice Cobb, speaking for this Court sitting en banc, and without dissent,[1] clarified the requirements for proper joinder under Rule 20 of the Mississippi Rules of Civil Procedure. A simple statement of our holding in ***Armond*** and its progeny[2] is that plaintiffs may not be joined under Rule 20 unless their claims are connected by a distinct, litigable event. ***Id.*** at 1099.

---

[1]Justice Graves, joined by Justice Easley, specially concurred, advocating the adoption of class actions in Mississippi state courts.

[2]*See **Dilliard's Inc. v. Scott***, 908 So.2d 93 (Miss. 2005); ***Ill. Cent. R.R. v. Gregory***, 912 So.2d 829 (Miss. 2005); ***Wyeth-Ayerst Labs. v. Caldwell***, 905 So.2d 1205 (Miss. 2005); ***MS Life Ins. Co. v. Baker***, 905 So.2d 1179 (Miss. 2005); ***Purdue Pharma, L.P. v. Estate of Heffner***, 904 So.2d 100 (Miss. 2004); ***Culbert v. Johnson & Johnson***, 883 So.2d 550 (Miss. 2004); and ***Janssen Pharmaceutica, Inc. v. Bailey***, 878 So.2d 31 (Miss. 2004).

¶15. The parties in this case agree that the plaintiffs are not properly joined. Plaintiffs have agreed that severance is appropriate. Thus, we affirm Judge Green's order, so far as it orders severance. However, severing the plaintiffs' cases does not end the inquiry.

*Misjoinder, severance and transfer*

¶16. A finding of misjoinder and order of severance of the plaintiffs – without more– suggests nothing more than that the plaintiffs have not complied with Rule 20. In ***Armond***, this Court faced, for the first time, misjoinder of numerous plaintiffs in a mass tort case. Specifically, we held:

> We reverse the trial court's order, and we remand the case for severance of all claims against defendants who have no connection with Armond. . . . We also instruct the trial court to transfer the severed cases to those jurisdictions in which each plaintiff could have brought his or her claims without reliance on another of the improperly joined plaintiffs.

***Id***. at 1102. Because the Mississippi Rules of Civil Procedure provided no guidance for the continuation of the severed cases of the misjoined ***Armond*** plaintiffs, we were forced to provide some procedural remedy to the fifty-six plaintiffs facing severance. We placed the burden on the trial court to determine an appropriate venue, and to transfer the cases. In doing so, we provided no procedure for the "transfer" of the plaintiffs or their cases.

¶17. In ***Harold's Auto Parts, Inc. v Mangialardi***, 889 So. 2d 493 (Miss. 2004), we were faced not only with misjoined plaintiffs but also with inadequate pleading. In discussing this deficient pleading, we stated:

7

In essence, we are told that 264 plaintiffs were exposed over a 75-year period of time to asbestos products associated with 137 manufacturers in approximately 600 workplaces. We are not told which plaintiff was exposed to which product manufactured by which defendant in which workplace at any particular time.

*Id*. at 494. We held that the trial court "shall dismiss, without prejudice, each plaintiff who fails to provide the defendants and the court . . . sufficient information as specified herein which allows the trial court to determine the appropriate court for transfer." *Id*. at 495-96. *See also* **3M Co. v. Glass**, No. 2003-IA-00617, 2003-IA-00476, 2005 WL 3434801 (Miss. Dec. 15, 2005) (applying **Mangialardi** to other Mississippi state court cases); **Illinois Cent. R.R. Co. v. Gregory**, 912 So.2d 829 (Miss. 2005) (same); **Amchem Prods, Inc. v. Rogers**, 912 So.2d 853 (Miss. 2005) (same); **3M Co. v. Hinton**, 910 So.2d 526 (Miss. 2005) (same); **Alexander v. Easy Fin. of New Albany, Inc.**, No. 1:03CV91-D-D, 2005 WL 2674980 (N.D. Miss. Oct. 20, 2005) (applying **Mangialardi** to cases in federal court); **In re Silica Prods. Liab. Litig.**, 398 F. Supp. 2d 563 (S.D. Tex. 2005) (same); and **Walton v. Tower Loan of MS**, 338 F. Supp. 2d 691, 59 Fed. R. Serv. 3d 1072 (N.D. Miss. 2004) (same).

¶18. Thus, in **Mangialardi** as in **Armond**, we placed the burden upon the trial court to determine appropriate venues and, where appropriate, to transfer the severed cases. Again, however, we provided the trial court no guidance as to the "transfer" of cases.

¶19. The judiciary and bar in Mississippi have now had approximately two years since **Armond** to adjust to the requirements for proper joinder under Rule 20. We now find it

8

appropriate to provide further clarification as to the disposition of the claims and cases of misjoined plaintiffs, following severance.

¶20.    The Plaintiffs urge us to view the five plaintiffs' cases as continuing in nature, requiring only that they file amended complaints.   Because the trial court held the five plaintiffs' cases were appropriately filed in the First Judicial District of Hinds County, the   plaintiffs argue no transfer would be necessary, and all five cases could, and should, continue before Judge Green.

¶21.    In ordering the respective trial courts to transfer the severed plaintiffs in *Armond* and *Mangialardi*, we failed to address numerous potential problems which attend that procedure, including that the procedure, itself, has no definition or guidelines.   Furthermore, we did not address exactly what would be "transferred."   For instance, assuming *arguendo* the trial court in *Armond* determined that fifty of the fifty-six plaintiffs should be "transferred" to fifty different jurisdictions, we cannot say how these "transfers" should have taken place.   One could argue that, under this hypothetical transfer of fifty cases, the circuit clerk in the jurisdiction where *Armond* was filed was required to make fifty copies of the *Armond* file and deliver them to the fifty respective jurisdictions.   Nothing was said of filing fees for these "transferred" cases, and we did not address the usurpation by the trial court of the plaintiffs' traditional right to choose a venue.

¶22.    In considering whether the cases of severed plaintiffs should be continuing in nature or should proceed under new complaints, we find a paucity of state or federal precedent.   By analogy, we note that rights lost to a defendant are, in some instances, reborn with severance

9

of plaintiffs.    As observed by Professor Jeffrey Jackson in his excellent civil procedure treatise,

> [t]he distinction between severance and orders of separate trials is important for the purpose of determining whether a state law claim is removable to federal court.  For example, if a removable claim against a diverse defendant is severed from a nonremovable claim against an non-diverse defendant, the removable claim – as a separate action – could be removed to federal court.  However, if a court merely orders that two claims be tried separately, but not severed into two distinct actions, the claims would retain the character of single nonremovable actions.  *See **Miller v. Fulton***, 113 F. Supp. 2d 1035 (S.D. Miss. 2000).

Jackson, Jeffrey, *Mississippi Civil Procedure* vol. 1. § 11A:3, p. 555-57 (2005).    Thus, plaintiffs who were not properly joined under Rule 20 must, after severance, proceed with a separate action, and the procedural issue of removability turns on the facts as they exist after severance.

¶23.    We see no purpose to be served in requiring amended complaints to be filed then transferred.    Where plaintiffs are misjoined and severance is required, we hold that the better rule – and the one we adopt today – is for the trial court to (1) allow a plaintiff[3] whose case is properly before the court (if any), and all properly joined plaintiffs, to proceed in the filed action, (2) allow misjoined plaintiffs who are properly before the trial court[4] to proceed with

---

[3]There may be cases where some plaintiffs are properly joined and some are not. In those cases, the trial court should sever the improperly joined plaintiffs and allow the properly joined plaintiffs to proceed.

[4]Miss. R. Civ. P. Rule 21 provides that misjoinder is not ground for dismissal.  This rule allows misjoined plaintiffs who have proper venue in the court where the action was filed to continue with their cases with new civil action numbers and, in multi-judge jurisdictions where appropriate, random assignment under U.R.C.C.C Rule 1.05A.

10

separate actions in the forum court, and (3) sever and dismiss all misjoined plaintiffs who lack proper venue in the forum court, allowing each severed plaintiff to file a new complaint in an appropriate venue selected by that plaintiff.

¶24. This procedure should result in no prejudice to the severed plaintiffs. The statute of limitations is tolled[5] while a misjoined plaintiff's case is pending. See *Jackson, Jeffery, Encyclopedia of Miss. Law* § 44.22, *Chapter 44 Laches and Limitations*. (Dec. 2005) (citing **Deposit Guar. Nat'l. Bank v. Roberts**, 483 So.2d 348 (Miss. 1986)). We held in **Deposit Guaranty National Bank v. Roberts** that the filing of the suit five days before the statute of limitations would have run, tolled the statute until the suit's dismissal some twenty months later. **Deposit,** 483 So. 2d at 352. Thus, the statute of limitations expired five days after the suit's dismissal. **Id**. *See also* **Triple "C" Transp., Inc. v. Dickens**, 870 So.2d 1195, 1199 (Miss. 2004) (citing **Watters v. Stripling**, 675 So.2d 1242, 1244 (Miss. 1996)).

¶25. Additionally, dismissal of a plaintiff's "duly commenced" case based solely on misjoinder and improper venue would constitute dismissal for a matter of form, bringing into play the provisions of Miss. Code Ann. Section 15-1-69, which provides that "the plaintiff may commence a new action for the same cause, at any time within one year. . . ." The "new action" would, of course, be subject to the same affirmative defenses and substantive challenges as was the original suit. For instance, in **Evans v. Broadhead**, 233 So. 2d 771 (Miss. 1970), this Court held that the additional year granted by Miss. Code Ann. Section 15-1-69 did not deprive

---

[5]This, of course, assumes compliance with the requirements of timely service of process. See Miss. R. Civ. P. Rule 4(h).

11

the defendant of seeking dismissal for failure to file the original action within the applicable statute of limitations. *Id*. at 774.

*Venue*

¶26.    We now turn to Judge Green's holding that all five plaintiffs were properly before the Circuit Court of the First Judicial District of Hinds County, a decision which – unless found to be an abuse of discretion – we will not disturb.    This venue analysis requires us to first examine the law of venue, and then determine whether, in light of our holding in *Mangialardi*, sufficient facts were available to Judge Green for a reasonable determination under applicable law of appropriate venue.

¶27.    Although the procedural requirements for establishing proper venue are the ultimate responsibility of this Court, we have thus far deferred all such questions to the Legislature, and we have adopted the venue statutes as controlling law. *See* Miss R. Civ. P. Rule 82.

¶28.    Plaintiffs claim in their amended complaint that "[v]enue is . . . proper in [the First Judicial District of Hinds County] under Miss. Code Ann. Sections 11-11-3 and 11-11-5 (1972, as amended) and 28 U.S.C. Section 1445."

1. *Miss. Code Ann. § 11-11-5*

¶29.    The Legislature repealed Section 11-11-5, effective January 1, 2003.    Prior to that time, the statute provided that railroad companies could be sued where the cause of action accrued, where the railroad had its principal place of business, or in the county where the plaintiff resided at the time of the accident.    The original complaint in this action was filed on

12

March 28, 2003, two months after the effective date of the repeal of Section 11-11-5. Thus, the statute is inapposite.

2. *Miss. Code Ann. § 11-11-3*

¶30.    Plaintiffs also assert that venue is proper in the First Judicial District of Hinds County pursuant to Section 11-11-3.  Our current statute, which was in effect when the complaint was filed, provides that venue for a suit against a corporate defendant would be proper "in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred."  Miss. Code Ann. § 11-11-3 (1)(a)(I) (Supp. 2004).  The statute further provides that "[i]f venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) . . . [it] may be commenced in the county where the plaintiff resides or is domiciled."  Miss. Code Ann. § 11-11-3 (1)(b).

¶31.    The February 27, 2004, amended complaint tells us only that each plaintiff "is an adult resident citizen of the State of Mississippi," and the defendant is an Illinois corporation.  It further provides that the "plaintiffs' causes of action, or some of them, occurred and/or accrued in the State of Mississippi."  There is no allegation in the amended complaint that the Railroad's principal place of business is located in the First Judicial District of Hinds County. The only information related to the place of injury or exposure is the claim that the Railroad "exposed Plaintiffs and other employees at its yards, and shops, tracks, and/or other facilities, equipment and locomotives . . . ."

¶32.    We find the amended complaint woefully inadequate in alleging sufficient information to establish venue.   We further find it fails to comply with the requirements announced in *Mangialardi*.   Therefore, we are unable to say at this point whether any of the five plaintiffs are properly before the Circuit Court of the First Judicial District of Hinds County.

## CONCLUSION

¶33.    The order of the Circuit Court of the First Judicial District of Hinds County is affirmed, insofar as it ordered severance of plaintiffs Terry Smith, William Meador, Theo Albriton and Richard Neal.   We remand with instructions to the trial court to dismiss, without prejudice, these plaintiffs, leaving to them and their respective attorneys the decision of refiling in an appropriate venue.   We further instruct the trial court to either dismiss, without prejudice, the claims of Larry Polk, or allow him a reasonable time, not exceeding 30 days, to file an amended complaint which complies with our pronouncement in *Mangialardi*, and which properly establishes venue in the First Judicial District of Hinds County.

¶34.    **PETITION GRANTED**.    **AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.**

        **SMITH, C.J., WALLER, P.J., CARLSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**

14