# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-02064-SCT

*FREDERICK GORDON, ET AL.*

*v.*

*HONEYWELL INTERNATIONAL, INC., ET AL.*

**Consolidated with:**
**2005-CA-02065-SCT**

*CURTIS BUSH, ET AL.*

*v.*

*HONEYWELL INTERNATIONAL, INC., ET AL.*

**Consolidated with:**
**2005-CA-02066-SCT**

*JOHNNIE SPANN, ET AL.*

*v.*

*HONEYWELL INTERNATIONAL, INC., ET AL.*

**Consolidated with:**
**2005-CA-02067-SCT**

*WILLIE SPANN, ET AL.*

*v.*

*HONEYWELL INTERNATIONAL, INC., ET AL.*

**Consolidated with:**
**2005-CA-02068-SCT**

*JIMMY KING, ET AL.*

*v.*

*HONEYWELL INTERNATIONAL, INC., ET AL.*

DATE OF JUDGMENT:                    09/30/2005
TRIAL JUDGE:                        HON. JAMES T. KITCHENS, Jr.
COURT FROM WHICH APPEALED:    NOXUBEE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:      J. RICHARD DAVIS, Jr.
                                    WILBUR O. COLUM
ATTORNEYS FOR APPELLEES:        EDWARD J. CURRIE
                                    F. KEITH BALL
                                    ROCKY W. EATON
                                    LAWRENCE M. COCO, III
                                    T. HUNT COLE, Jr.
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
DISPOSITION:                        AFFIRMED - 08/09/2007
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.    This appeal comes to us from the Circuit Court of Noxubee County, where the claims of numerous plaintiffs were dismissed without prejudice pursuant to Mississippi Rule of Civil Procedure 41(b) for failure to comply with a court order directing the plaintiffs to perfect transfer of the cases to their respective proper venues. Plaintiffs appeal, arguing that: (1) the circuit court erred in dismissing their claims; (2) it was not the responsibility of the plaintiffs to copy and transfer the cases; and (3) the trial court's dismissal of the claims was contrary to the procedures prescribed for transfer. Finding no abuse of discretion, this Court affirms the ruling of the circuit court.

### FACTS AND COURSE OF PROCEEDINGS

¶2.    Late in 2002, five separate actions were filed by five separate groups of plaintiffs against multiple defendants in the Circuit Court of Noxubee County. All of these actions

2

alleged damages due to exposure to asbestos-containing products.[1]  In each of these five

cases, defendants made a Motion for More Definite Statement, to Sever and Transfer, and

for Other Specific and General Relief.  Following a hearing on these motions, the trial court

applied this Court's decisions in *3M Company v. Hinton*, 910 So. 2d 526 (Miss. 2005), and

*Amchem Products v. Rogers*, 912 So. 2d 853 (Miss. 2005), and required the plaintiffs'

attorneys to provide the defense with more specific factual information about each of the

plaintiffs' claims so the court could determine whether venue was proper in Noxubee

County.[2]

¶3.     Following responses from the plaintiffs, on June 24, 2005, the trial court entered an

Order of Severance, Transfer, and/or Dismissal in each of the five cases.  These orders

directed: (1) severance of each claim into an individual cause of action; (2) transfer of each

plaintiff's claim to a proper venue in Mississippi, or if no proper venue in Mississippi

existed, dismissal of those claims without prejudice; (3) dismissal without prejudice of the

claims of non-resident plaintiffs who had not been exposed in Mississippi and who were not

alleging a claim against a Mississippi defendant; (4) perfection of each transfer to a proper

venue in Mississippi within thirty days of the date of the order; and (5) as a means of

---

[1] The actions were styled *Gordon, et al., v. Honeywell Int'l, Inc., et al.*; *Bush, et al., v. Honeywell Int'l, Inc., et al.*; *(Johnnie) Spann, et al., v. Honeywell Int'l, Inc., et al.*; *(Will) Spann v. Honeywell Int'l, Inc., et al.*; and *King, et al., v. Honeywell Int'l, Inc., et al.*  These five actions have been consolidated under the name **Gordon v. Honeywell Int'l, Inc.** for the purposes of this appeal.

[2] Specifically, the order required the plaintiffs' counsel to provide the defense with the name of each defendant against whom each plaintiff alleged a claim, the time and location of the exposure, and the medical condition caused by the exposure.

initiating transfer, filing of a civil action cover sheet and an amended complaint by each plaintiff in the transferee county.[3]

¶4.    The plaintiffs failed to perfect transfer of the remaining fifty-seven cases to proper venues in Mississippi within the thirty-day period prescribed by the trial court's order.  A hearing was held on August 12 to discuss, inter alia, the plaintiffs' failure in this regard.  At that hearing, plaintiffs' counsel specifically requested that the deadline for the transfer of these cases to be perfected be extended to September 30.  The trial judge agreed and orally granted the plaintiffs an extension of time until September 30, 2005, to perfect the transfers.

¶5.    The trial court scheduled a hearing for September 30, 2005, to discuss discovery issues in the remaining cases.  At this hearing, it came to light that the plaintiffs had again failed to perfect the transfers and that amended complaints and civil action cover sheets had not been filed in the transferee courts as directed by the trial court's previous order.  Showing obvious frustration, the trial court dismissed without prejudice the cases in which the plaintiffs had failed to perfect transfer:

> So that in review and the court will know and I think the record will reflect the number of times that we have met on those issues, the number of times that I've ruled on this issue, and the number of times that I thought that I made it very clear what was to be done in light of some of the recent Supreme Court cases that have indicated what I have to do should the transfer not be done timely.  I think that I have to do what I said I was going to do.  And that is in those cases that are–that were to be transferred, that have not been done so by today's date, I will sign orders dismissing those cases.

Plaintiffs' counsel attempted to get the trial judge to reconsider his ruling by attributing the delay to the circuit clerk's office:

---

[3] Prior to these orders, the trial court already had dismissed the claims of 437 non-resident plaintiffs who did not allege either exposure in the State of Mississippi to a defendant's asbestos-containing product or claims against a Mississippi resident defendant.

BY MR. COLOM: Your Honor, . . . I don't copy the files and send them.

BY THE COURT: Have you filed cover sheets or anything in those jurisdictions where these cases were going to be transferred?

BY MR. COLOM: I can't file a cover sheet, Your Honor, until the file actually gets there.

BY THE COURT: I believe that you can. I believe that that can be done. I'm not so far removed from filing civil litigation.

Upon a request by plaintiffs' counsel that an evidentiary hearing be held on the transfer issue, the court went on to say:

BY THE COURT: I asked–or I ruled that this was to be done by the 30th, I ruled that. There was no application in there for additional time because of some catastrophic problem. I had begun the process and had ruled in June that they were to be done and I've expanded it to September 30th that it was to be done. And now it's September 30th and they're still not done.

Finally, I have to do what I say I'm going to do or what I say means nothing. And I'm at that point.

The trial judge then allowed plaintiffs' counsel to call and examine the Circuit Clerk of Noxubee County for the record.

¶6.   The crux of the circuit clerk's testimony was that it was the responsibility of his office to actually copy and mail the files to the transferee courts. He testified that the records were very large and that he had insufficient time to get them done. On cross examination, it was brought out that plaintiffs' counsel did not begin to "push" the clerks office to get these files transferred until August 12, 2005, which was after the original deadline for having the transfers perfected. However, the circuit clerk went on to testify that there was nothing that plaintiffs' counsel could have done to expedite the situation.

¶7.   That same day, the trial court entered an order pursuant to M.R.C.P. 41(b) dismissing without prejudice the cases of fifty-seven plaintiffs whose case files had not been transferred

from Noxubee County to their proper venues. Aggrieved by the trial court's decision to dismiss these cases, the plaintiffs appeal.

## STANDARD OF REVIEW

¶8. It is well-settled that when reviewing a trial court's dismissal pursuant to Mississippi Rule Civil Procedure 41(b), this Court may reverse only if it finds that there was an abuse of discretion on the part of the trial court. *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (Miss. 2002).

## ANALYSIS

¶9. While the plaintiffs present their argument through three separate assignments of error, this appeal can be fully addressed through the analysis of one issue:

**Whether the circuit court acted properly in dismissing without prejudice the cases which had not been transferred.**

¶10. The plaintiffs argue that the circuit court's dismissal of their cases without prejudice was improper. However, a recent case from this Court has established a procedure for dealing with cases, such as this one, where the Plaintiffs' claims were misjoined, and it is controlling.

¶11. Confronted with a set of facts similar to those presented by this appeal, this Court in *Canadian National/Illinois Central Railroad v. Smith*, 926 So. 2d 839 (Miss. 2006), addressed a question of first impression: "Whether the lawsuits of misjoined plaintiffs – after severance – should be dismissed and refiled as new cases." *Canadian Nat'l*, 926 So. 2d at 842. Justice Dickinson's very thorough analysis outlined the holdings in recent cases dealing with Rule 20 of the Mississippi Rules of Civil Procedure. *Id.* at 843-45. Pointing out that *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092 (Miss. 2004), and *Harold's Auto*

6

*Parts, Inc. v. Mangialardi*, 889 So. 2d 493 (Miss. 2004), "placed the burden upon the trial court to determine appropriate venues and, where appropriate, to transfer the severed cases,"[4] Justice Dickinson asserted that this Court had provided trial courts no guidance in this process. *Canadian Nat'l*, 926 So. 2d at 844. Speaking for the Court, he declared, "We now find it appropriate to provide further clarification as to the disposition of the claims and cases of misjoined plaintiffs, following severance." *Id.*

¶12.    It is obvious that this trial court, this circuit clerk, and these attorneys were experiencing the very problems contemplated by this Court when deciding *Canadian National*. When discussing the transfer of severed plaintiffs' claims, the Court stated that there were "numerous problems" which included the procedure itself having no definition or guidelines. Nor was it made clear by the Court's previous decisions exactly what should be "transferred" to the proper venue. *Id.* at 844.

> For instance, assuming *arguendo* the trial court in *Armond* determined that fifty of the fifty-six plaintiffs should be "transferred" to fifty different jurisdictions, we cannot say how these "transfers" should have taken place. One could argue that, under this hypothetical transfer of fifty cases, the circuit clerk in the jurisdiction where *Armond* was filed was required to make fifty copies of the *Armond* file and deliver them to the fifty respective jurisdictions.

*Id.* This case presented just such a problem as the one considered in Justice Dickinson's example. The Circuit Clerk of Noxubee County even testified that he was overwhelmed by the task of getting these cases copied and transferred. It is also apparent from the hearings

---

[4]There is no dispute that severance of the claims involved in this appeal was appropriate, nor is there a dispute over the respective venues to which each severed claim was to be transferred. The sole issue in this appeal is the trial court's dismissal of these claims for failure to perfect transfer.

conducted in this case that there was an issue as to what should be transferred and what the cost of that transfer would be.

¶13.     Seeing the problems which would arise under the "sever and transfer procedure," this Court adopted a new rule:  Where plaintiffs are misjoined and severance is required, the trial court shall (1) allow a plaintiff whose case is properly before the court, and all properly joined plaintiffs, to proceed in the filed action, (2) allow misjoined plaintiffs who are properly before the trial court to proceed with separate actions in the forum court, and (3) sever and dismiss all misjoined plaintiffs who lack proper venue in the forum court, allowing each severed plaintiff to file a new complaint in an appropriate venue selected by the plaintiff.  *Canadian Nat'l*, 926 So. 2d at 845.  Because the statute of limitations is tolled while a misjoined plaintiff's case is pending, there should be no resulting prejudice to a severed and dismissed plaintiff.  *Id.*

¶14.     While the events of this case occurred prior to this Court's decision in *Canadian National*, the trial court's actions were perfectly in accord with the rule prescribed therein. The trial court severed each of the improperly-joined plaintiffs and determined whether there existed a proper venue in Mississippi for the severed claims.  The claims which were properly brought in Noxubee County were continued in Noxubee County.  Those severed cases which were not properly in Noxubee County were dismissed without prejudice, affording those plaintiffs an opportunity to refile in a proper venue.  The fact that these claims were dismissed pursuant to Mississippi Rule Civil Procedure 41(b) is of no consequence.

8

**CONCLUSION**

¶15.    The Circuit Court of Noxubee County did not abuse its discretion in dismissing without prejudice the claims of severed plaintiffs which were not properly filed in Noxubee County. In fact, the trial court's actions were in conformity with a procedure later prescribed by this Court. For that reason, the ruling of the Circuit Court of Noxubee County is affirmed.

¶16.    **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., CARLSON AND DICKINSON, JJ. CONCUR. DIAZ, P.J., CONCURS IN RESULT ONLY. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. RANDOLPH, J., NOT PARTICIPATING.**